1 CAFFARELLI & ASSOCIATES LTD.
2 Lorrie T. Peeters (CA Bar No. 276367)
3 10265 Beardon Dr.
4 Cupertino, CA 95014
5 Phone: (408) 216-0599
6 Fax: (312) 577-0720
7 Email: lpeeters@caffarelli.com
8
9 *Local Counsel for Plaintiff*
10
11 KENNEDY HODGES, LLP
12 Don Foty (TX Bar No. 24050022)
13 Galvin Kennedy (TX Bar No. 00796870)
14 4409 Montrose Blvd, Suite 200
15 Houston, Texas 77006
16 Phone: (713) 523-0001
17 Fax: (713) 523-1116
18 Email: dfoty@kennedyhodges.com
19 gkennedy@kennedyhodges.com
20 (Pending *pro hac vice* admission)
21
22 *Counsel for Plaintiff*
23

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SOM SWAMY, on Behalf of Himself and on Behalf of All Others Similarly Situated** § § § | **Case No.: _____** |
| § | **CLASS AND COLLECTIVE ACTION** |
| **Plaintiff,** § § | **COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE** |
| **V.** § § | **RELIEF** |
| **TITLE SOURCE, INCORPORATED,** § § | 1. **Failure to Pay Overtime (Violation of Fair Labor Standards Act, 29 U.S.C. § 207)** |
| **Defendant.** § § § | |
| § § § | 2. **Failure to Pay Overtime (Violation of California Labor Code §§ 510, 558, 1194; and IWC Wage Order 4-2001)** |
| § § § | 3. **Failure to Provide Off-Duty Meal Periods (Cal. Labor Code §§ 218.5, 226.7, 512; IWC Wage Order** |

| | | |
|---|---|---|
| 1 | § | 4-2001) |
| 2 | § | |
| 3 | § | **4. Failure to Provide Off-Duty Rest** |
| 4 | § | **Periods (Cal. Labor Code §§ 218.5,** |
| 5 | § | **226.7, 512; IWC Wage Order** |
| 6 | § | **4-2001)** |
| 7 | § | |
| 8 | § | **5. Failure to Reimburse for** |
| 9 | § | **Necessary Expenditures (Cal.** |
| 10 | § | **Cal. Labor Code § 2802)** |
| 11 | § | |
| 12 | § | **6. Failure to Provide Itemized Wage** |
| 13 | § | **Statements (Cal. Labor Code §** |
| 14 | § | **226)** |
| 15 | § | |
| 16 | § | **7. Failure to Provide Wages Upon** |
| 17 | § | **Separation of Employment (Cal.** |
| 18 | § | **Labor Code §§ 201-203)** |
| 19 | § | |
| 20 | § | **8. Unfair Competition (Violation of** |
| 21 | § | **Cal. Business and Professions** |
| 22 | § | **Code, § 17200, *et seq.*)** |
| 23 | § | |
| 24 | § | **DEMAND FOR JURY TRIAL** |

<u>**COMPLAINT AT LAW**</u>
**CLASS AND COLLECTIVE ACTION**

## I.     INTRODUCTION

1.     This is a collective and class action brought by Individual and Representative Plaintiff Som Swamy on behalf of himself and on behalf of the proposed national Fair Labor Standards Act ("FLSA") Collective and California Class identified below (and whose members are collectively referred to herein as the "class members").   Plaintiff and the putative class members were or are employed by Defendant, Title Source, Incorporated ("Defendant"), as Appraisers and other substantially similar positions ("Appraisers").

2.     As Appraisers, Plaintiff and the putative class members are and were non-exempt employees under federal and state wage and hour laws, and should have received overtime pay

consistent with the requirements of those laws. However, Defendant misclassifies its Appraisers as exempt from overtime. These employees perform substantially the same job duties and responsibilities, and are compensated pursuant to the same Company policies. They are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3.     Plaintiff sues on behalf of himself and others similarly situated Appraisers who worked for Defendant, and who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b). This action claims that Defendant has violated the wage-and-hour provisions of the FLSA by depriving Plaintiff, as well as those similarly situated to Plaintiff, of their lawful overtime wages.

4.     The national FLSA Collective Class, represented by Plaintiff Swamy, is comprised of all people who are or have been employed by Defendant as Appraisers in the United States within three years prior to this action's filing date through the final disposition of this action (the "Collective Class Period").

5.     Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid compensation, an equal amount in liquidated damages and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

6.     Plaintiff also brings this action under the California overtime statutes and regulations, and California's unfair competition laws. Defendant did not provide its Appraisers with off-duty meal periods and rest breaks required by the California Labor Code and California Industrial Wage Commission Wage Order(s).

7.     The California Class, represented by Plaintiff Swamy, is comprised of all people who are or have been employed by Defendant as Appraisers in the State of California within four

years prior to this action's filing date through the date of final disposition of this action (the "California Class Period"). Plaintiff intends to seek class certification under Rule 23 of the Federal Rules of Civil Procedure for the California Class.

8.    Plaintiff and the California Class members seek unpaid wages and restitution for their work beyond 8 hours in a day or 40 in a week pursuant to California law, and for unpaid meal periods and rest breaks, as well as additional liquidated damages, statutory damages, and penalties.

## II.    JURISDICTION AND VENUE

9.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because the action involves a federal statute, the FLSA, 29 U.S.C §§ 201, *et seq*. The Court has supplemental jurisdiction over the state law wage and hour claims under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

10.    Venue is proper in the Northern District of California because a substantial portion of the events forming the basis of this suit occurred in the Northern District of California.

11.    A substantial part of the events or omission which give rise to the claims occurred in Contra Costa County and/or adjacent counties in the San Francisco Division, and therefore this action is properly assigned to the San Francisco Division, pursuant to Local Rule 3-2(c), (d). Specifically, much of Plaintiff's work occurred in Danville, California and the surrounding locations.

12.    Defendant is subject to personal jurisdiction in this District because it conducts substantial and continuous commercial activities in California. It contracts with residents of California for the services provided by its workforce. It maintains offices in California. It also employs dozens of California citizens, including Plaintiff.

1     13.     This Court is empowered to issue a declaratory judgment and further relief pursuant

2 to 28 U.S.C. §§ 2201 and 2202.

3         **III.    PARTIES AND PERSONAL JURISDICTION**

4     14.     Plaintiff Som Swamy worked for Defendant as an Appraiser from approximately

5 May 2013 to the present, and is an individual residing in Contra Costa County, California.

6 Plaintiff's signed consent to join the FLSA collective action is attached as Exhibit A.

7     15.     The California Class Members are all people who are or have been employed by

8 Defendant as Appraisers in the State of California within the California Class Period.

9     16.     The FLSA Class Members are all people who are or have been employed by

10 Defendant as Appraisers in the United States within the Collective Class Period.

11     17.     Defendant Title Source, Incorporated is a foreign for-profit corporation doing

12 business in California. Defendant may be served process through its registered agent The

13 Corporation Company at 40600 Ann Arbor Road E., Suite 201, Plymouth, MI 48170.

14     18.     At all material times, Defendant was and is legally responsible for all the unlawful

15 conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the

16 employer of Plaintiff and the class members.

17     19.     At all material times, Defendant has been governed by and subject to the FLSA, 29

18 U.S.C. § 207.

19     20.     At all material times, Defendant has been an employer within the meaning of

20 section 3(d) of the FLSA. 29 U.S.C. § 203(d).

21     21.     At all material times, Defendant has been an enterprise within the meaning of

22 section 3(r) of the FLSA. 29 U.S.C. § 203(r).

1     22.    At all material times, Defendant has been an enterprise or enterprise in commerce

2  or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA

3  because Defendant has had and continues to have employees engaged in commerce.  29 U.S.C. §

4  203(s)(1).

5     23.    At all material times, the unlawful conduct against Plaintiff and Class Members as

6  described in this Complaint was actuated, in whole or in part, by a purpose to serve Defendant.  At

7  all relevant times, upon information and belief, the unlawful conduct described in this Complaint

8  was reasonably foreseeable by Defendant and committed under actual or apparent authority

9  granted by Defendant such that all aforementioned unlawful conduction is legally attributable to

10  Defendant.

11     24.    At all material times, Defendant has had an annual gross business volume of not

12  less than $500,000.

13               **IV.    FACTS**

14     25.    Defendant is a national residential and commercial real estate valuation and

15  appraisal management company.  It works with lenders to complete property valuations and

16  appraisals in conjunction with purchasing and refinancing loans.

17     26.    To complete the initial appraisals, Defendant hires Appraisers.  Appraisers typically

18  work remotely and receive their appraisal assignments electronically through Defendant's

19  employee network.

20     27.    An appraisal requires an Appraiser to visit the property in question to conduct an

21  inspection and then complete a report.  Appraisers complete the appraisals on a standardized form,

22  such as Fannie Mae Form 1004 Uniform Residential Appraisal Report.  After completing the

1 report, the Appraiser forwards the report to his or her manager where it is reviewed for accuracy

2 then the report is forwarded to the lender.

3       28. An Appraiser travels to the property in question in his/her personal vehicles.

4 However, Defendant fails to reimburse the costs of operating their personal vehicles for work,

5 including all associated gas and mileage expenses.

6       29. For their labor, Defendant pays its Appraisers on a salary basis with a bonus

7 structure that awarded extra compensation if an Appraiser submitted a certain number of appraisals

8 per week. However, Defendant does not pay its Appraisers overtime.

9       30. Plaintiff worked for Defendant as an Appraiser from approximately May 2013 to

10 the present.

11       31. During his employment, Plaintiff frequently worked 8 hours each day five days a

12 week and worked weekends to keep up with the workload. During his workday, he traveled

13 throughout the California Bay Area conducting the physical inspections of his assigned properties,

14 then wrote his reports at home in the evenings.

15       32. Despite frequently working more than more than 8 hours per day and more than 40

16 hours a week, Defendant failed to pay Plaintiff for any of his overtime that was worked.

17 **Plaintiff and other Appraisers exclusively perform non-exempt duties.**

18       33. Appraisers are not exempt from overtime.

19       34. Appraisers perform no sales. They do not generate new loan business for

20 Defendant. Instead, they conduct appraisals of properties as such appraisals are assigned to them

21 by the Defendant. They do not decide whether and how to do their jobs, and have little, if any,

22 discretion over scheduling their work tasks.

1     35. Appraisers are line employees, not supervisors. They have no ability to hire or fire

2   and do not supervise other employees. In fact, Appraisers work remotely, typically from home.

3     36. The primary duty of Appraisers consisted of routine mental work, dictated by

4   detailed guidelines promulgated and enforced by Defendant. Appraisers are required to follow a

5   detailed checklist and retrieve or verify the required data for each appraisal they conduct. They

6   have very little discretion with respect to the manner in which they perform their work.

7     37. The reports created by the Appraisers are on forms provided by Defendant.

8   Appraisers are trained to apply Defendant's pre-established guidelines and procedures to complete

9   these forms. They are required to fill in the boxes on these forms with information dictated by

10   Defendant, using data obtained in their property visits and obtained from electronic databases

11   made available by Defendant. Compliance with these procedures and guidelines removes any

12   exercise of independent judgment and discretion.

13     38. Furthermore, as an appraisal company, the appraisals generated by Defendant's

14   Appraisers are the very product Defendant produces and sells to its customers. Accordingly, the

15   Appraisers are production, not administrative employees. Their work does not involve nor is it

16   related to the management of Defendant's business.

17     39. Appraisers are also not "learned professionals" as defined by the FLSA. Appraisal

18   work does not require advanced knowledge acquired through a long course of specialized

19   intellectual instruction.

20     40. Appraisers have no input into Company strategy or business decisions. Nor do they

21   have any role in financial or marketing decisions. They have no role in formulating Company

22   guidelines, policies, or procedures.

1        41.     Plaintiff's and the Class Members' duties do not require the exercise of discretion

2 or independent judgment on more than an occasional basis. Plaintiff and the Class Members have

3 severely cordoned, if any, decision-making authority and none in matters of significance.

4        42.     Defendant requires Plaintiff and the Class Members to perform their job duties

5 throughout the day, which results in Plaintiff and Class Members not being able to take meal and

6 rest breaks. Defendant expected Plaintiff and Class Members to be on call and ready to respond

7 to phone calls and other forms of communication throughout the day.

8        43.     Plaintiff would prepare forms electronically and deliver such forms electronically

9 to Defendant in such a way that Defendant was aware of the hours worked by appraisers.

10       44.     Defendant's conduct, as set forth herein, was willful and in bad faith, and has

11 caused significant damages to Plaintiff and the Class Members. Defendant knew of the

12 requirements to pay overtime or recklessly chose to disregard it. Defendant is a large company

13 that pays overtime some of its employees. However, it refused to pay the Plaintiff and Class

14 Members overtime pay.

15                  **V.**     **COLLECTIVE ACTION ALLEGATIONS**

16       45.     Plaintiff has actual knowledge that the FLSA Collective Class Members have also

17 been denied overtime pay for hours worked over forty (40) per workweek. Plaintiff worked with

18 and communicated with other Appraisers, and as such, has personal knowledge of their existence,

19 status as Defendant's employees, salary compensation scheme, and the overtime violations.

20       46.     Other employees similarly situated to Plaintiff worked for Defendant in a similar

21 capacity and were not paid overtime at the rate of one and one-half their regular rate when those

22 hours exceeded forty (40) hours per workweek.

47. Defendant has employed dozens such employees who worked in California and elsewhere during the last three years, who were paid a salary without overtime.

48. As such, the "FLSA Collective Class" of similarly situated Plaintiffs is properly defined as follows:

> **All current and former Appraisers employed by Defendant in the United States in the three years prior to filing this Complaint through the present.**

49. Although Defendant permitted and/or required the FLSA Collective Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them any compensation for their hours worked over forty (40).

50. Plaintiff is representative of the FLSA Collective Class Members in that they performed similar job duties as Plaintiff and were similarly denied overtime compensation on the basis of uniform company policies and practices. Plaintiff is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

51. FLSA Collective Class Members have performed the same or similar work as Plaintiff.

52. FLSA Collective Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

53. FLSA Collective Class members were not paid for any time worked in excess of 40 hours per week.

54. The policy of illegally classifying these Appraisers as exempt in violation of the FLSA is universal across the defined FLSA Collective Class and forms the basis of the overtime violation.

1    55.    FLSA Collective Class Members are not exempt from receiving overtime pay under

2    the FLSA.

3    56.    As such, FLSA Collective Class Members are similar to Plaintiff in terms of pay

4    structure and/or the denial of overtime.

5    57.    Defendant's failure to pay overtime compensation at the rate required by the FLSA

6    results from generally applicable policies or practices, and does not depend on the personal

7    circumstances of the FLSA Collective Class Members.

8    58.    The experiences of Plaintiff, with respect to him pay, are typical of the experiences

9    of the FLSA Collective Class Members.

10    59.    The specific job titles or precise job responsibilities of each FLSA Collective Class

11    Member does not prevent collective treatment.

12    60.    All FLSA Collective Class Members, irrespective of their particular job

13    requirements, are entitled to overtime compensation at the rate of time and a half for hours worked

14    in excess of forty (40) during a workweek.

15    61.    Although the exact amount of damages may vary among FLSA Collective Class

16    Members, the damages for the Class Members can be easily calculated by a simple formula.  The

17    claims of all FLSA Collective Class Members arise from a common nucleus of facts.   Liability is

18    based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA

19    Collective Class Members.

20    62.    The similarly situated FLSA Collective Class Members are known to Defendant,

21    are readily identifiable, and can be located through Defendant's records.  They should be notified

22    and allowed to opt into this action pursuant to 29 U.S.C. § 216(b) for the purpose of collectively

1  adjudicating their claims for overtime compensation, liquidated damages and/or prejudgment

2  interest, and attorneys' fees and costs.

3      63.    Unless the Court promptly issues such notice, the numerous similarly situated

4  current and former Appraisers nationwide who have been misclassified in violation of the FLSA

5  will be unable to secure unpaid overtime pay, which has been unlawfully withheld by Defendant.

6              **VI.    CALIFORNIA CLASS ALLEGATIONS**

7

8      64.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules

9  of Civil Procedure on behalf of the "California Class," which is comprised of:

10             **All current and former Appraisers employed by Defendant in**
11             **California at any time starting four years prior to the filing of**
12             **this Complaint through the present.**
13

14     65.    Numerosity.  The number of members in the California Class is believed to exceed

15  forty.  This volume makes bringing the claims of each individual member of the class before this

16  Court impracticable.  Likewise, joining each individual member of the California Class as a

17  plaintiff in this action is impracticable.  Furthermore, the identity of the members of the California

18  Class will be determined from Defendant's records, as will the compensation paid to each of them.

19  As such, a class action is a reasonable and practical means of resolving these claims.  To require

20  individual actions would prejudice the California Class and Defendant.

21     66.    Typicality.  Plaintiff's claims are typical of the California Class because like the

22  members of the California Class, Plaintiff was subject to Defendant's uniform policies and

23  practices and was compensated in the same manner as others in the California Class.  Defendant

24  failed to pay non-exempt Appraisers overtime compensation for all their hours worked, including

25  overtime hours.  All members of the California Class worked substantially more than eight (8)

26  hours in a day and forty (40) hours in a week as non-exempt employees but were uniformly

classified as exempt and denied overtime.   Plaintiff and the California Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with California law.  As such, Plaintiff's claims are typical of the claims of the California Class.  Plaintiff and all members of the California Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

67.   <u>Adequacy</u>.  Plaintiff is a representative party who will fairly and adequately protect the interests of the California Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the California Class she seeks to represent.

68.   <u>Commonality</u>.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

      a.   Whether Plaintiff and the California Class worked more than eight (8) hours in a day and/or worked more than forty (40) hours in a workweek;

      b.   Whether Defendant reimbursed Plaintiff and the California Class for all work-related expenses;

      c.   Whether Defendant failed to pay Plaintiff and the California Class overtime wages for all hours worked over eight (8) hours in a day and/or forty (40) hours in a workweek;

      d.   Whether Defendant failed to provide or authorize meal periods and rest periods for Plaintiff and the California Class;

      e.   Whether Defendant failed to keep accurate records of employees' hours of work and hourly wages, and failed to timely furnish each Appraiser with a statement accurately showing the total number of hours worked and wages earned each pay period; and

f.  Whether Defendant has failed to timely pay employees unpaid wages and overtime due upon their separation from employment with the Company.

69.  The common issues of law include, but are not limited to:

a.  Whether Plaintiff and the California Class exercised independent judgment and discretion over matters of significance;

b.  Whether Plaintiff and the California Class performed work that was "directly related to the management or general business operations" of Defendant;

c.  Whether Defendant can claim an exemption for Plaintiff and the California Class;

d.  Whether Plaintiff and the members of the California Class, who are no longer employed by Defendant, are entitled to waiting time penalties for Defendant's failure to pay all their wages upon termination of their employment;

e.  Whether Defendant's policies and practices provide and authorize meal and rest periods in compliance with California law;

f.  Whether Plaintiff and the California Class are entitled to compensatory damages;

g.  The proper measure of damages sustained by Plaintiff and the California Class; and

h.  Whether Defendant's actions were "willful."

70.  <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the California Class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

71.  A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum,

1 judicial economy and parity among the claims of individual California Class Members are

2 promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  Notice

3 of the pendency and any resolution of this action can be provided to the California Class by mail,

4 electronic mail, text message, print, broadcast, internet and/or multimedia publication.  The

5 identity of members of the California Class is readily identifiable from Defendant's records.

6   72. This type of case is well-suited for class action treatment because: (1) Defendant's

7 practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it

8 properly compensated its employees including any potential exemptions that might apply; and (3)

9 the burden is on Defendant to accurately record hours worked by employees and meal periods

10 taken.  Ultimately, a class action is a superior form to resolve the California claims detailed herein

11 because of the common nucleus of operative facts centered on the continued failure of Defendant

12 to pay Plaintiff and the California Class per applicable California laws.

13     **VII. CAUSES OF ACTION**

15      **<u>FIRST CLAIM FOR RELIEF</u>**
16       **Failure to Pay Overtime**
17    **(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.)**
18    **On Behalf of Plaintiff and the FLSA Collective Class**

20   73. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

21   74. At all relevant times, Defendant has been, and continues to be, an "employer"

22 engaged in interstate commerce and/or in the production of goods for commerce, within the

23 meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed and

24 continues to employ, employees, including Plaintiff and the FLSA Collective Class.  At all relevant

25 times, upon information and belief, Defendant has had gross operating revenues in excess of

26 $500,000.

75. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one-and-a-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek.

76. Plaintiff and the FLSA Collective Class were entitled to be paid overtime compensation for all overtime hours worked at the rate of one and one-half times their regular rate of pay.

77. At all relevant times, Defendant required and/or permitted Plaintiff and the FLSA Collective Class to work in excess of forty (40) hours per workweek. Despite the hours worked by them, Defendant willfully, in bad faith, and knowingly violated the FLSA, failed and refused to pay Plaintiff and the FLSA Class the appropriate overtime wages for all compensable time worked in excess of forty (40) hours per workweek. By failing to compensate Plaintiff and the FLSA Class at a rate of not less than one-and-a-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1).

78. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 211(c).

79. Plaintiff, on behalf of himself and the FLSA Class, seeks recovery of their damages, unpaid wages and unpaid overtime pay.

80. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

1        81.    Plaintiff, on behalf of himself and the FLSA Class, seeks recovery of him attorneys'

2  fees and costs to be paid by Defendant, as provided for by 29 U.S.C. § 216(b).

3        82.    Plaintiff, on behalf of himself and the FLSA Class, seeks recovery of liquidated

4  damages.

5        83.    As a result of Defendant's willful and unlawful failure to pay Plaintiff all of his

6  earned overtime wages, Plaintiff is entitled to recover him unpaid overtime wages, costs and

7  reasonable attorneys' fees, and the relief requested below in the Prayer for Relief.  Plaintiff, on

8  behalf of himself and the FLSA Class, seeks damages in the amount of their respective unpaid

9  overtime compensation, liquidated damages from three years immediately preceding the filing of

10  this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a),

11  and such other legal and equitable relief as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**Failure to Pay Overtime**
**(Wage Order No. 4-2001; California Labor Code §§ 510, 558, 1194)**
**On Behalf of Plaintiff and the California Class**

17        84.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

18        85.    At all relevant times, Defendant was required to compensate its non-exempt

19  employees for all hours worked.  Since at least four years prior to this lawsuit being filed to the

20  present, Defendant was required to compensate all its employees for all overtime worked, at one-

21  and-a-half times their regular rates of pay for hours worked more than eight (8) hours per day or

22  forty (40) hours per workweek, and double-time for hours worked more than twelve (12) hours

23  per day.  Defendant was also required to pay one-and-a-half times the regular rate for the first eight

24  (8) hours worked on the seventh day of a workweek.

25        86.    At all relevant times, Defendant operated under and continues to operate under a

26  common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay

1  Appraisers for overtime at the rates required by California Labor Code § 510 and Wage Order No.

2  4-2001.

3        87.    Defendant knew or clearly should have known that Plaintiff and the California

4  Class members solely or predominantly performed non-exempt duties, were not subject to any

5  enumerated exemptions to California's overtime mandates – including exemptions for *bona fide*

6  administrative, professional, or executive employees – and were thus entitled to overtime pay.

7        88.    Defendant routinely required Plaintiff and the California Class to work more than

8  eight (8) hours per day or forty (40) hours per workweek and work on the seventh day of a

9  workweek.  Despite the provisions of California's overtime law, Defendant has willfully failed

10  and refused to pay the California Class, including Plaintiff, overtime wages for any of the overtime

11  hours they worked since four years prior to this lawsuit being filed.

12        89.    The California Class, including Plaintiff, has been deprived of their rightfully

13  earned overtime wages as a direct and proximate result of Defendant's failure and refusal to pay

14  such compensation.

15        90.    Defendant regularly, willfully, and repeatedly failed and continues to fail to make,

16  keep, and preserve accurate time records required by the California Labor Code §§ 226 and 1174,

17  with respect to Appraisers.  Through this unlawful course of conduct, Defendant has deprived and

18  continues to deprive Plaintiff and the California Class Members of records necessary to calculate

19  with precision the overtime compensation due to them.

20        91.    Defendant's conduct violates California Labor Code §§ 510 and 1194.  Therefore,

21  pursuant to California Labor Code § 1194, the California Class, including Plaintiff, are entitled to

22  recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime

23  hours worked in excess of eight (8) hours per day, in excess of forty (40) hours per workweek, for

1   the first eight (8) hours worked on the seventh day of a workweek, and double-time pay for the

2   hours worked in excess of twelve (12) in a day in addition to interest on such amounts pursuant to

3   California Labor Code § 1194, plus reasonable attorneys' fees and costs of suit, and the relief

4   requested below in the Prayer for Relief.

5                               **THIRD CLAIM FOR RELIEF**
6                      **Failure to Provide Off-Duty Meal Periods**
7       **(Wage Order No. 4-2001; California Labor Code §§ 218.5, 226.7, 512)**
8             **On Behalf of Plaintiff and the California Class**
9

10       92.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

11       93.     Throughout the relevant statute of limitations, Defendant operated under and

12   continues to operate under a common policy and plan of failing and refusing to afford Plaintiff and

13   California Class Members at least one half-hour meal period in which they were relieved of all

14   duties after five hours of work and a second meal period after ten hours of work, as defined by

15   IWC Wage Order No. 4-2001 and Labor Code §§ 226.7 and 512.

16       94.     Plaintiff and California Class Members were regularly expected to work during

17   lunch and other breaks.

18       95.     Defendant violated the meal and rest period laws by forcing Plaintiff and the

19   members of the California Class to work through long hours without the required meal periods.

20       96.     Plaintiff and the members of the California Class sue for all damages allowed under

21   the law including statutory penalties for each such violation. *See* IWC Wage Order 4-2001 and

22   Cal. Lab. Code § 226.7.

23       97.     Defendant is liable for forcing Plaintiff and California Class Members to work

24   during the meal period mandated after 5 hours of work for one additional hour of pay at the

25   employee's regular rate of compensation for each work day that Defendant failed to provide the

26   first required meal period to each California Class Member.

1    98.    Defendant is further liable for forcing Plaintiff and California Class Members to
2    work during the second meal period mandated after ten hours of work for one additional hour of
3    pay at the employee's regular rate of compensation for each work day that Defendant failed to
4    provide the second required meal period to each California Class Member.

5    99.    Plaintiff and the California Class Members are entitled to damages in the amount
6    of their unpaid premium wages, overtime compensation, liquidated damages, reasonable
7    attorneys' fees and costs, injunctive relief, and other such legal and equitable relief as the Court
8    deems just and proper.

9                              **FOURTH CLAIM FOR RELIEF**
10                            **Failure to Provide Off-Duty Rest Periods**
11              **(Wage Order No. 4-2001; California Labor Code §§ 218.5, 226.7, 512)**
12                            **On Behalf of Plaintiff and the California Class**
13
14   100.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

15   101.    Plaintiff and Class Members were regularly compelled to work over a four (4) hour
16   period (or major fraction thereof) without Defendant authorizing and permitting them to take paid
17   ten (10) minute rest periods during which they were relieved of all duties, as required by IWC
18   Wage Order 4-2001 § 12(A) and Labor Code § 226.7.

19   102.    Defendant is liable for unpaid wages and statutory penalties pursuant to IWC Wage
20   Order 4-2001 and Labor Code § 226.7.

21   103.    Defendant is liable for forcing Plaintiff and California Class Members to work
22   during the first required rest period for one additional hour of pay at the employee's regular rate
23   of compensation for each work day that Defendant failed to provide the first required rest period
24   to each California Class Member.

25   104.    Defendant is further liable for forcing Plaintiff and California Class Members to
26   work during the second rest period for one additional hour of pay at the employee's regular rate of

1  compensation for each work day that Defendant failed to provide the second required rest period

2  to each California Class Member.

3       105.    Defendant is further liable for forcing Plaintiff and California Class Members to

4  work during the third rest period for one additional hour of pay at the employee's regular rate of

5  compensation for each work day that Defendant failed to provide the third required rest period to

6  each California Class Member.

7       106.    Plaintiff and the California Class Members are entitled to damages in the amount

8  of their unpaid premium wages, reasonable attorneys' fees and costs, injunctive relief, and other

9  such legal and equitable relief as the Court deems just and proper.

10  **FIFTH CLAIM FOR RELIEF**
11  **Failure to Reimburse Plaintiffs for Necessary Expenditures**
12  **(California Labor Code § 2802)**
13  **On Behalf of Plaintiff and the California Class**
14
15       107.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

16       108.    At all times material to this Complaint, Plaintiff and members of the California

17  Class were required to drive their personal vehicles on behalf of Defendant in the course and scope

18  of their employment with the Defendant to visit assigned properties and conduct inspections.  They

19  were not reimbursed for mileage and other expenses related to the use of their personal vehicles.

20  Likewise, Defendant failed to reimburse Plaintiff and Class Members for use of computers, high

21  speed internet connections, and other expenses that benefited Defendant, all of which were

22  required to perform their jobs.

23       109.    At all times material to this Complaint, Defendant was subject to Labor Code §

24  2802, which states that "an employer shall indemnify his or him employees for all necessary

25  expenditures or losses incurred by the employee in direct consequence of the discharge of his or

26  him duties, or his or him obedience to the directions of the employer."

1    110.    As a proximate result of Defendant's policies in violation of Labor Code § 2802,

Plaintiff and members of the California Class sustained actual and pecuniary damages.

111.    Plaintiff and members of the California Class are entitled to attorneys' fees, expenses, and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

112.    Pursuant to Labor Code § 2802(b), in any action brought for the reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions.    Interest shall accrue from the date on which the employee incurred the necessary expenditure.    Plaintiff and the class he represents are entitled to said interest.

**SIXTH CLAIM FOR RELIEF**
**Failure to Furnish Wage Statements**
**(California Labor Code §§ 226)**
**On Behalf of Plaintiff and the California Class**

113.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

114.    Defendant knowingly and intentionally failed to furnish and continue to fail to furnish Plaintiff and each California Class member with timely, itemized statements that accurately reflect – among other things – the total number of hours worked and wages earned, as mandated by the California Labor Code § 226(a), which requires employers, semi-monthly or at the time of each payment of wages, to furnish each employee with a statement that accurately reflects the total number of hours worked.

115.    As a result, Defendant is liable to Plaintiff and each of the California Class Members for the amounts provided by California Labor Code § 226(e): the greater of actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000).

116.    Plaintiff and the California Class are also entitled to reasonable attorneys' fees and costs pursuant to California Labor Code § 226(e).

## SEVENTH CLAIM FOR RELIEF
### Failure to Pay All Wages Upon Separation from Employment
### (California Labor Code §§ 201, 202, 203)
### On Behalf of Plaintiff and the California Class

117.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

118.    California Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

119.    Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

120.    During all relevant times, Defendant knowingly and willfully violated California Labor Code §§ 201 and 202 by failing to pay Plaintiff and members of the California Class who are no longer employed by Defendant all wages owed as alleged herein. Defendant is therefore liable to Plaintiff and members of the California Class who are no longer employed by Defendant for waiting time penalties as required by California Labor Code §§ 203 and 218.

121.    Plaintiff, individually and on behalf of the members of the California Class who are no longer employed by Defendant, respectfully request that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

## EIGHTH CLAIM FOR RELIEF
### Unlawful and/or Unfair Competition Law Violations
### (California Business & Professions Code §§ 17200-17208.)
### On Behalf of Plaintiff and the California Class

122.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

123.     California Business & Professions Code § 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

124.     Plaintiff brings this cause of action individually and as a representative of all others subject to Defendant's unlawful acts and practices.

125.     During all relevant times, Defendant committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200. Defendant's unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay overtime wages, failing to pay minimum wages, failing to provide and authorize mandated meal and rest periods, and failing to pay all wages upon termination in violation of California law, as described throughout this Complaint.

126.     As a result of this unlawful and/or unfair and/or fraudulent business practice, Defendant reaped unfair benefits and illegal profits at the expense of Plaintiff and the California Class. Defendant must disgorge these ill-gotten gains and restore to Plaintiff and the California Class all wrongfully withheld wages, including, but not limited to minimum wages and overtime compensation, interest on these wages, and all other injunctive and preventive relief authorized by Business and Professions Code §§ 17202 and 17203.

127.     Plaintiff, individually and on behalf of the members of the California Class, respectfully request that judgment be awarded in their favor to provide restitution and interest, and the relief requested below in the Prayer for Relief.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and all the FLSA Collective Class Members and the California Class Members, pray for relief as follows:

1. That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are at present or have been at

any time during the past three years, up through and including the date of this Court's issuance of a Court-supervised Notice, been employed by Defendant as an Appraiser as defined and described herein. Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join the FLSA collective suit if they believe they were misclassified as an exempt employee;

2. Certifying that this action may proceed as a collective action under 29 U.S.C. § 216(b) and class action under Fed. R. Civ. P. 23;

3. Declaring that Defendant's policies and/or practices of failing to pay overtime wages, to provide and authorize meal and rest periods, and to pay all wages earned upon termination of employment to the California Class violate California law;

4. Declaring that Defendant's policies and/or practices of failing to reimburse its employees for expenses incurred to perform their jobs violates California law;

5. Declaring that Defendant's above-mentioned policies and/or practices violate California Business and Professions Code § 17200 *et seq.*;

6. Preliminary, permanent, mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with it, from committing in the future those violations of law herein alleged;

7. Declaring that Defendant's policies and/or practices of failing to pay overtime wages to the FLSA Class Members violates the FLSA;

8. Awarding damages, liquidated damages, restitution, and/or statutory penalties to be paid by Defendant for the causes of action alleged herein;

9. Awarding costs and expenses, including reasonable attorneys' fees and expert fees, pursuant to 29 U.S.C. § 216, California Labor Code § 1194, California Code of Civil Procedure § 1021.5, or as otherwise permitted by law; and

10. Ordering such other and further legal and equitable relief the Court deems just, necessary and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated respectfully demands a trial by jury.

1    Dated: March 7, 2017

2                                                By:
3                                                      Lorrie T. Peeters
4
5                                                CAFFARELLI & ASSOCIATES LTD.
6                                                Lorrie T. Peeters (CA Bar No. 276367)
7                                                10265 Beardon Dr.
8                                                Cupertino, CA 95014
9                                                Phone: (408) 216-0599
10                                               Fax:    (312) 577-0720
11                                               Email:  lpeeters@caffarelli.com
12
13                                               *Local Counsel*
14                                               *Attorney for Plaintiff and the Putative Class*