James M. Nelson (SBN 116442)
Michelle L. DuCharme (SBN 285572)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
nelsonj@gtlaw.com
ducharmem@gtlaw.com

Lindsay E. Hutner (SBN 238998)
GREENBERG TRAURIG, LLP
Four Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone:  (415) 655-1300
Facsimile:  (415) 707-2010
hutnerl@gtlaw.com

Peter S. Wahby (*Admitted Pro Hac Vice*)
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
wahbyp@gtlaw.com

Jeffrey Morganroth (*Admitted Pro Hac Vice*)
MORGANROTH AND MORGANROTH PLLC
344 N. Old Woodward Avenue, Suite 200
Birmingham, MI 48009
Telephone:  (248) 864-4000
Facsimile:  (248) 864-4001
JMorganroth@morganrothlaw.com

Attorneys for Defendant
TITLE SOURCE, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOM SWAMY, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>TITLE SOURCE, INC.,<br><br>        Defendant. | CASE NO.  3:17-cv-01175-WHA<br><br>CLASS AND COLLECTIVE ACTION<br><br>**DEFENDANT TITLE SOURCE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:    July 13, 2017<br>Time:               8:00 a.m.<br>Courtroom:      8<br>Judge:             Honorable William H. Alsup |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 13, 2017, at 8:00 a.m. in Courtroom 8 in the United States Courthouse located at 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable William H. Alsup presiding, Defendant TITLE SOURCE, INC. ("Title Source") will, and hereby does, move under Federal Rule of Civil Procedure 12 for an Order dismissing Plaintiff Som Swamy's ("Swamy") Amended Complaint in this action and various claims for relief within it.

This Motion seeks:

1.    An order pursuant to Federal Rule of Civil Procedure 12(b)(1) declining to exercise supplemental jurisdiction over Swamy's non-overtime claims brought under California law because (a) there is not a common nucleus of operative facts between the non-overtime claims and Swamy's Fair Labor Standards Act claim, and (b) the state law non-overtime claims substantially predominate over the single Fair Labor Standards Act claim.

2.    An order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing Swamy's First Claim for Relief for failure to pay overtime under the Fair Labor Standards Act and his Second Claim for Relief the California Labor Code because Swamy fails to allege sufficient facts to establish that Swamy or any class members were not paid for all hours worked, worked unpaid overtime, or did not receive wages for all hours worked.

3.    An order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing Swamy's Fifth Claim for Relief for violation of California Business & Professions Code section 17200 to the extent it is based on claims for penalties, and not wages.

4.    An order pursuant to Federal Rule of Civil Procedure 12(f) striking Swamy's allegations concerning the reimbursement of expenses as it pertains to his First Claim for Relief for failure to pay overtime under the Fair Labor Standards Act because those allegations are irrelevant to his claim.

///

///

///

1

This Motion is based on this Notice, the attached Memorandum of Points and Authorities,

2

the First Amended Complaint, the pleadings and records on file herein, and such other evidence

3

and argument as may be presented to the Court at or prior to the hearing on the Motion.

4

5

DATED:  May 23, 2017                              GREENBERG TRAURIG, LLP

6

7

By:   /s/*James M. Nelson*

8

JAMES M. NELSON
LINDSAY E. HUTNER

9

MICHELLE L. DUCHARME
Attorneys for Defendant

10

TITLE SOURCE, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT TITLE SOURCE, INC. 'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................8

II.     STATEMENT OF RELEVANT FACTS ............................................................9

    A.     The Claims for Relief Alleged. ...............................................................9

    B.     The "Factual" Allegations in Swamy's Amended Complaint. ................9

III.    THIS COURT SHOULD DISMISS SWAMY'S NON-OVERTIME CLAIMS
    FOR LACK OF SUBJECT MATTER JURISDICTION. ..................................10

    A.     Rule 12(b)(1) Standard. ........................................................................10

    B.     This Court Should Decline to Exercise Supplemental Jurisdiction Over
       Swamy's Non-Overtime Claims Because They Do Not Derive From a
       Common Nucleus of Operative Facts and Would Substantially
       Predominate Over his FLSA Overtime Claim. .......................................11

       i.     "Common Nucleus of Operative Facts." ...................................11

       ii.    Non-Overtime Claims will Substantially Predominate Over the
           FLSA Overtime Claim. ..............................................................13

    C.     Swamy's New Allegations Concerning Unreimbursed Business Expenses
       do not Compel a Different Result. ..........................................................14

IV.     THIS COURT SHOULD DISMISS SWAMY'S INADEQUATELY PLED AND
    INAPPLICABLE CLAIMS. ..............................................................................16

    A.     Rule 12(b)(6) Standard. ........................................................................16

    B.     Swamy's Federal and State Overtime Claim Allegations (First and Second
       Claims for Relief) are Inadequately Pled. .............................................17

       i.     Swamy's Lacking and Conclusory FLSA Overtime Claim Fails. ..............17

       ii.    Swamy's Conclusory California Labor Code Overtime Claim
           Fails. .........................................................................................18

    C.     Swamy's Unfair Business Practice Claim (Fifth Claim for Relief) Fails to
       the Extent it is Based on Claims for Penalties and Not Wages. .............20

V.      If Swamy's First Claim for relief is not dismissed, the improper allegations
    regarding his claimed unreimbursed expenses should be stricken pursuant to
    federal rule of civil procedure 12(f). ...............................................................20

VI.     CONCLUSION..................................................................................................22

DEFENDANT TITLE SOURCE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

## **TABLE OF AUTHORITIES**

2

**Federal Cases**

3

*Anderson v. Blockbuster, Inc.*,
  2010 WL 1797249 (E.D. Cal. May 4, 2010) .......................................................... 17

4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. 16

5

6

*Augustine v. United States*,
  704 F. 2d 1074 (9th Cir. 1983) ............................................................................... 11

7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................. 16

8

9

*Byrd v. Masonite Corp.*,
  2016 WL 756523 (C.D. Cal. 2016) .......................................................................... 18

10

*California Dairies, Inc. v. RSUI Indem. Co.*
  617 F. Supp. 2d 1023 (E.D. Cal. 2009) ............................................................. 15, 21

11

*Chandler v. State Farm Mut. Auto Ins. Co.*,
  598 F. 3d 1115 (9th Cir. 2010) ............................................................................... 11

12

13

*Colaprico v. Sun Microsystems, Inc.*,
  758 F. Supp. 1335 (N.D. Cal. 1991) ....................................................................... 20

14

*Fantasy, Inc. v. Fogerty*,
  984 F. 2d (9th Cir. 1993) ......................................................................................... 20

15

16

*Freeman v. Zillow, Inc.*,
  2015 WL 5176511 (C.D. Cal. March 19, 2015) ...................................................... 19

17

*U.S. ex rel Hartpence v. Kinetic Concepts, Inc.*,
  792 F. 3d 1121 (9th Cir. 2015) ............................................................................... 10

18

19

*Highway Equip. Co. v. FECO, Ltd.*,
  469 F. 3d 1027 (Fed. Cir. 2006) ............................................................................. 12

20

*Kokkonen v. Guardian Life Ins. Co.*,
  511 U.S. 375 (1994) ........................................................................................... 10, 11

21

*Landers v. Quality Commc'n Inc.*,
  771 F. 3d 638 (9th Cir. 2014) ...................................................................... 17, 18, 19

22

23

*LeDuc v. Kentucky Cent. Life Ins. Co.*,
  814 F. Supp. 820 (N.D. Cal. 1992) ......................................................................... 20

24

*Lefevre v. Pac. Bell Directory*,
  2014 WL 5810530 (N.D. Cal. Nov. 7, 2014) .......................................................... 19

25

*Lyon v. Whisman*,
  45 F. 3d 758 (3d Cir. 1995) ..................................................................................... 12

26

*Mayhue's Super Liquor Stores, Inc. v. Hodgson*,
  464 F.2d 1196 (5th Cir. 1972) ................................................................................. 15

27

28

DEFENDANT TITLE SOURCE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*McBain v. Behr Paint Corp.*,
  2017 WL 1208074 (N.D. Cal. Apr. 3, 2017) ................................................ 11, 12, 13, 14, 15

*Perez v. Wells Fargo & Co.*,
  75 F. Supp. 3d 1184 (N.D. Cal. 2014) ................................................................................. 18

*Ramirez v. Manpower, Inc.*,
  2014 WL 116531 (N.D. Cal. Jan. 13, 2014) ...................................................................... 17

*Rubin v. Wal-Mart*,
  599 F. Supp. 2d 1176 (N.D. Cal. 2009) ............................................................................. 20

*Shapiro v. Encompass, Inc.*,
  221 F.R.D. 513 (N.D. Cal. 2004) ....................................................................................... 20

*Sidney-Vinstein v. A.H. Robbins Co.*,
  697 F. 2d 880 (9th Cir. 1983) ........................................................................................... 20

*Steel Co. v. Citizens for a Better Environment*,
  523 U.S. 83 (1988) ............................................................................................................ 11

*Thornhill Pub'g Co., Inc. v. General Tel. & Elec. Corp.*,
  594 F. 2d 730 (9th Cir. 1979) ........................................................................................... 11

*Tomlinson v. Indymac Bank, F.S.B.*,
  359 F. Supp. 2d 891 (C.D. Cal. 2005) .............................................................................. 20

*United Mine Workers of Am. v. Gibbs*,
  383 U.S. 715 ................................................................................................................. 12, 13

*Chen-Cheng Wang ex rel. United States v. FMC Corp.*,
  975 F. 2d 1412 (9th Cir. 1992) ......................................................................................... 10

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
  505 F. Supp. 2d 609 (N.D. Cal. 2007) .............................................................................. 20

*Wiley v. Trendwest Resorts, Inc.*,
  2005 WL 1030220 (N.D. Cal. May 3, 2005) ..................................................................... 12

*Wong v. HSBC Mortg. Corp. (USA)*,
  2009 WL 151014 (N.D. Cal. Jan. 21, 2009) ..................................................................... 11

**Federal Statutes**

28 U.S.C. § 1367(a) ............................................................................................................ 11

28 U.S.C. § 1367(c)(2) ....................................................................................................... 13

29 U.S.C. § 206(a)(1) ......................................................................................................... 15

29 U.S.C. § 207 .................................................................................................................... 9

**State Statutes**

Cal. Bus. & Prof. Code § 17200 ............................................................................... 9, 10, 20

Cal. Labor Code § 203 ........................................................................................................ 20

Cal. Labor Code § 226 ................................................................................................... 9, 20

DEFENDANT TITLE SOURCE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Cal. Labor Code § 510 ........................................................................................................ 9

Cal. Labor Code § 558 ........................................................................................................ 9

Cal. Labor Code § 1194 ...................................................................................................... 9

Cal. Labor Code § 2802 ................................................................................................ 9, 16

**Rules**

Fed. R. Civ. P. 12(b)(1) ................................................................................................ 11, 19

Fed. R. Civ. P. 12(f) ......................................................................................................... 20

DEFENDANT TITLE SOURCE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant Title Source, Inc. ("Title Source) is a leading provider of settlement services to facilitate the purchase and sale of real estate, including performing residential appraisals.  Plaintiff Som Swamy ("Swamy") is a residential appraiser who works for Title Source remotely from California, where he determines his own work schedule by selecting or rejecting certain residential appraisal assignments that Title Source makes available to him from its headquarters in Detroit, Michigan.  Swamy has brought this putative collective class action claim alleging that Title Source failed to pay overtime to its appraisers nationwide under the Fair Labor Standards Act ("FLSA"), challenging his (and their) status as exempt from overtime, as well as asserting certain California Labor Code claims that, with one exception, have no counterpart under the FLSA.  Swamy purports to bring these state-law claims on behalf of Title Source's California-based appraisers asserting an alleged failure to pay overtime, reimburse necessary expenditures, provide itemized wage statements, along with an Unfair Competition claim based on his Labor Code allegations.

This, of course, is not Swamy's first attempt to assert the above claims against Title Source.  Rather than actually contest Title Source's first Motion to Dismiss his original complaint, Swamy filed his First Amended Complaint ("FAC") on May 9, 2017, wherein he attempts (unsuccessfully) to cure his pleading deficiencies by including "facts" regarding the hours he worked and the reimbursements he purportedly deserved but never received.  ECF No. 29.  But Plaintiff's latest iteration of his claims should be dismissed for many of the same reasons as before:  first, the Court should decline to exercise supplemental jurisdiction over Swamy's non-overtime claims because they do not arise from a common nucleus of operative facts as those required to determine the FLSA claim.  And, second, if the Court did exercise supplemental jurisdiction over the non-overtime claims, those state law claims — which significantly outnumber his single federal law claim — would predominate over his FLSA claim, a wasteful result that federal courts routinely avoid.

Beyond the barriers above, Swamy's FAC also fails to satisfy Rule 12 because the

allegations in support of his overtime claims (his First and Second Claims for Relief) are both overly generalized and impermissibly conclusory.  As such, those claims should be dismissed in their entirety.  Similarly, Swamy's Fifth Claim for Relief, pursued under section 17200, is deficient as a matter of law and should be dismissed because such a recovery cannot arise from the claims for penalties (rather than wages) that Swamy is pursuing.

If the Court allows Swamy's First Claim for Relief to survive, then, in the alternative to dismissal, certain allegations at paragraphs 82 and 86 of the FAC should be stricken pursuant to Rule 12(f) because, as a matter of law, they have no possible bearing on the subject matter of the litigation.

For these reasons, and as further detailed below, Title Source respectfully requests that Swamy's First Amended Complaint be dismissed in its entirety, or partially stricken, in the alternative.

## II.     STATEMENT OF RELEVANT FACTS

### A.     The Claims for Relief Alleged.

Swamy's FAC asserts five Claims for Relief against Title Source:  (1) Failure to Pay Overtime (Violation of Fair Labor Standards Act, 29 U.S.C. § 207) (FAC ¶¶ 75–86); (2) Failure to Pay Overtime (Violation of California Labor Code §§ 510, 558, 1194; and IWC Wage Order 4-2001) (FAC ¶¶ 87–94); (3) Failure to Reimburse for Necessary Expenditures (Cal. Labor Code § 2802) (FAC ¶¶ 95–100); (4) Failure to Provide Itemized Wage Statements (Cal. Labor Code § 226) (FAC ¶¶ 101–04); and (5) Unfair Competition (Violation of Cal. Business and Professions Code § 17200, *et seq.*) (FAC ¶¶ 105–10).

### B.     The "Factual" Allegations in Swamy's Amended Complaint.

The FAC, like its predecessor, alleges few specific facts in support of Swamy's claims for relief.  Indeed, the only *facts* that Swamy alleges (as opposed to legal conclusions) concern an appraisers' job function (FAC ¶ 26-28), that Swamy has worked as a remote appraiser since May 2013 and is a current team member (FAC ¶ 31), and that he has not been reimbursed for mileage and other expenses related to the use of his personal vehicle in the performance of his appraiser duties (FAC ¶ 96).  Those facts that are alleged, or can fairly be inferred, raise serious questions

about the viability of his claims.

Swamy's First and Second Claims for Relief in the FAC are insufficient as he generally alleges that Title Source failed to pay overtime wages under the FLSA and California Labor Code because he purportedly "worked at least 8 hours each day from Monday through Friday and worked approximately 5-10 hours each weekend to keep up with the workload."  FAC ¶ 32. Swamy further alleges that "he worked overtime hours (more than 40) each week he has worked with Defendant (except for those weeks when he took personal time off, such as for vacations or sick leave)," and that, "on average," he has worked "at least 50 hours per week . . ." except in those unspecified weeks in which he was on vacation, or sick, or not working.  *See id.*

In addition, Swamy alleges that Title Source failed to reimburse him and members of the putative FLSA class for their business-related expenses, including mileage, car insurance, and internet, resulting in the denial of the proper amount of overtime compensation paid to him and the putative class.  FAC ¶ 82.

Swamy's Fifth Claim for Relief alleges violations of California Business & Professions Code section 17200, California Unfair Competition Law ("UCL"), and arises from the other claims alleged in the FAC.  However, as detailed below, a Section 17200 claim cannot be premised on claims for penalties.  Because Swamy's UCL claim is based, in part, on Section 226 wage statement claims, the FAC still fails to state a cause of action on those bases.  Therefore, Swamy's UCL claim for relief must be dismissed to the extent it is based on Sections 226.

## III.   THIS COURT SHOULD DISMISS SWAMY'S NON-OVERTIME CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION.

### A.   Rule 12(b)(1) Standard.

As the Court knows, Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Thus, federal courts have no power to decide cases outside their subject matter jurisdiction. *Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F. 2d 1412, 1415 (9th Cir. 1992) (overruled on other grounds in *U.S. ex rel Hartpence v. Kinetic Concepts, Inc.*, 792 F. 3d 1121 (9th Cir. 2015)).  If the

Court determines that it lacks subject matter jurisdiction, it must dismiss the case. *Augustine v. United States*, 704 F. 2d 1074, 1077 (9th Cir. 1983). Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action for lack of subject matter jurisdiction. If, considering the complaint as a whole, the Court does not find evidence of subject matter jurisdiction "facially" or "factually," it must dismiss the action. *Thornhill Pub'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F. 2d 730, 733 (9th Cir. 1979).

It is presumed that a cause "lies outside the limited jurisdiction" of the federal court, "and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen, supra,* 511 U.S. at 377; *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F. 3d 1115, 1122 (9th Cir. 2010). When questions of jurisdiction arise in an action, they should always be addressed immediately so as not to waste the time and resources of the Court and the parties. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1988) (federal courts must normally determine issues of subject matter jurisdiction before considering a case on the merits). Swamy must therefore prove to the Court that his non-overtime state law claims belong in federal court. Because they do not, the non-overtime state law claims should be dismissed.

**B.    This Court Should Decline to Exercise Supplemental Jurisdiction Over Swamy's Non-Overtime Claims Because They Do Not Derive From a Common Nucleus of Operative Facts and Would Substantially Predominate Over his FLSA Overtime Claim.**

Swamy's California non-overtime claims do not arise from a common nucleus of operative facts with his federal FLSA claim for overtime, and his non-overtime claims would substantially predominate over his FLSA claim. The Court, therefore, should decline to exercise supplemental jurisdiction over his California non-overtime claims. *See McBain v. Behr Paint Corp.*, 2017 WL 1208074, at \*6-7 (N.D. Cal. Apr. 3, 2017); *Wong v. HSBC Mortg. Corp. (USA)*, 2009 WL 151014, at \*1-2 (N.D. Cal. Jan. 21, 2009).

**i.     "Common Nucleus of Operative Facts."**

Supplemental jurisdiction exists only if Swamy's non-overtime claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "For this

relatedness requirement to be satisfied, '[t]he state and federal claims must derive from a common nucleus of operative fact' such that they would ordinarily be expected to be tried in one proceeding." *Highway Equip. Co. v. FECO, Ltd.*, 469 F. 3d 1027, 1038 (Fed. Cir. 2006) (*quoting United Mine Workers of Am. v. Gibbs*, 383 U.S. 715. 725 (1966)).

According to the Court in *McBain*, *supra*, a recent case directly on point, the relevant inquiry in determining whether causes of action "all arise out of the same nucleus of facts" is "not whether the claims involve some similar factual basis, but whether the state and federal claims are alternative theories of recovery for the same acts." *McBain*, *supra*, at * 6 (*citing Wiley v. Trendwest Resorts, Inc.*, 2005 WL 1030220, at *4 (N.D. Cal. May 3, 2005) (*citing Lyon v. Whisman*, 45 F. 3d 758, 761 (3d Cir. 1995) ("[W]hen the same acts violate federal and state laws, the common nucleus of operative facts is obvious and federal courts routinely exercise supplemental jurisdiction over the state law claims.")).  While Title Source acknowledges that Swamy's claim for overtime under California law may, at this pleading stage, "form part of the same case or controversy under Article III," his remaining state law claims for reimbursement of business expenses and failure to provide accurate wage statements share no common facts with his FLSA (or Labor Code) overtime claim.

Swamy's non-overtime claims involve questions that bear no relation to his overtime claims and are claims that do not have a federal counterpart:

- **Wage Statement Claim**:  Swamy's wage statement claim requires resolution of unique questions, including whether Title Source failed to list the accurate name and address of the legal entity that employed Swamy and other class members, and whether Title Source furnished wage statements accurately showing:  gross wages earned, total hours worked, net wages earned, all applicable hourly rates, and the corresponding number of hours worked at each hourly rate. The FLSA does not address the contents of wage statements.

- **Business Expenses**:  Swamy's claim for unreimbursed business expenses will turn on questions as to whether Title Source had a proper reimbursement policy, whether Swamy properly submitted expenses pursuant to this policy, whether

certain claimed expenses were necessary for the performance of his job, and whether Title Source denied such requests.  The FLSA addresses wages, not expenses and there is no federal statutory claim for reimbursement of expenses.

Accordingly, Swamy's overtime and non-overtime claims are not "alternative theories of recovery for the same acts."  On the contrary, Swamy's non-overtime claims are separate, distinct, inquiries that require analyses of different facts and do not concern the same nucleus of operative facts.  For that reason, the Court should decline to exercise supplemental jurisdiction.

### ii.   Non-Overtime Claims will Substantially Predominate Over the FLSA Overtime Claim.

Even if the Court had supplemental jurisdiction here, it would be inappropriate to exercise it in this case because of the outsize role the state non-overtime claims will play.  Where state law claims will "substantially predominate . . . in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought," it is appropriate for the Court to decline supplemental jurisdiction.  *United Mine Workers of Am., supra,* 383 U.S. at 726; *see* 28 U.S.C. § 1367(c)(2) (court may decline supplemental jurisdiction if it "would substantially expand the scope of [the] case beyond that necessary and relevant to the federal claims").

Again, in *McBain*, *supra*, 2017 WL 1208074, this Court declined to exercise supplemental jurisdiction over the plaintiff's inaccurate wage statement and business expense claims, in addition to meal and rest period claims, because those claims would have substantially predominated over the FLSA claim over which the Court had original jurisdiction.  In so holding, the Court found that this was "not a situation where [the] state law claims 'essentially replicate[d]' his FLSA claim.'"  On the contrary, due to the non-derivative and unique nature of each of those claims, litigation of those claims would substantially predominate over the overtime claims:

> "…[A] review of the Complaint demonstrates the state law claims are not strictly derivative.  For example, Plaintiff … alleges the wages statements Defendants provide are not accurate because the employer and employer address are not complete and accurate, and because they fail to include the actual hours worked, including overtime wages earned and all applicable hourly rates, etc…The accuracy of the employer's name and address are not elements of Plaintiff's FLSA claims.  Plaintiff alleges Defendants fail

to reimburse Reps for reasonable business expenses…At oral argument, Plaintiff conceded the failure to reimburse claim shares no common facts with the FLSA (or Labor Code) overtime claims.  In addition, to being based on Defendants' violation of the FLSA, Plaintiff's UCL claim also is premised on Defendants' 'unlawful, unfair, deceptive, and/or fraudulent business practices' that 'include, without limitation, failing to pay for all hours worked, failing to pay overtime wages, failing to provide mandated meal and rest periods, failing to timely pay all wages earned, failing to furnish accurate itemized wage statements, failing to keep required payroll records, failing to pay all wages upon termination, failing to pay all wages twice per month, and failing to indemnify Reps for business expenses in violation of California law and/or FLSA.'"

*Id.* at *6 (internal citations omitted).

Not only does that same analysis apply here, but Swamy's non-overtime claims will involve individualized inquiries that will no doubt dwarf the overtime claims.  For example, Swamy's claims require individualized inquiries regarding business expenses, will need to proceed by way of record and receipt, and analyze what is a "necessary" expense for each class member.  Further, the wage statement claim will require detail that will no doubt overshadow the claim for overtime.  These differences illustrate the lack of any meaningful factual or legal overlap between Swamy's FLSA and state overtime claims and his remaining, unrelated (although predominant) state claims.

### C.   Swamy's New Allegations Concerning Unreimbursed Business Expenses do not Compel a Different Result.

In the FAC, Swamy modified his FLSA overtime claim in an attempt to shoehorn the issue of "reimbursable expenses" into his FLSA overtime claim to justify the Court's exercise of supplemental jurisdiction.  In other words, Swamy claims that Title Source's failure to reimburse him for proper business expenses caused him to earn less than what the FLSA required in terms of overtime compensation—"pay at time and one half [his] regular rate of pay for all hours worked over 40."  FAC ¶ 82.  Just as previously addressed in response to Plaintiff's Opposition to Defendant's Motion to Dismiss the Original Complaint (ECF No. 44), Swamy's theory still fails because ***business expenses*** are unrelated to whether one is ***misclassified as exempt*** from overtime or whether he was paid sufficient overtime compensation in his circumstances.  As addressed in more detail in Section V, these allegations should be stricken as irrelevant and not cause the Court to exercise supplemental jurisdiction over his non-overtime claims.

The FAC alleges that Swamy was misclassified as exempt from *overtime,* but the existence of expenses is not a factor in any relevant exemption analysis.  Indeed, while the FLSA precludes reductions of compensation in the form of impermissible employee "kickbacks," such reductions are only impermissible when they cause compensation to fall below the federal minimum wage requirements.  *See California Dairies, Inc. v. RSUI Indem. Co.* 617 F. Supp. 2d 1023, 1045 (E.D. Cal. 2009); 29 U.S.C. § 206(a)(1).  Swamy makes no such claim here nor can he do so.

The legal standard rejecting Swamy's theory is well settled: in *Mayhue's Super Liquor Stores, Inc. v. Hodgson,* 464 F.2d 1196 (5th Cir. 1972) the court considered an employment agreement that permitted deductions for cash shortages from the hourly compensation paid to employees.  Those deductions lowered the employees' wages to below the requisite federal *minimum wage*.  The *Mayhue* court held that an employee-reimbursement provision in an employment agreement, where an employee's wages were deducted from their pay check, did not violate the FLSA so long as the deduction did not result in pay below the *minimum wage*.  *Id.* at 1199 ("Whether [the employee] pays the 'valid debt' out of his wages or other resources, [the employee's] effective rate of pay is reduced by the amount of such debts.  When it is reduced below the required minimum wage, the law is violated.)  Here, Swamy alleges that the putative class members incurred expenses that Title Source failed to reimburse.  FAC ¶¶ 28, 33.  But ***there is no allegation that the expenses in question were paid by the putative class member as a deduction from compensation or that the employees thus made less than the federal minimum wage for any specific workweek***.  Of course, this is not a minimum wage case, and Swamy's business reimbursement allegations do nothing to salvage his overtime claims.

Based on the foregoing, Swamy's claimed reimbursable expenses under the FLSA are, therefore, unrelated to his claim for overtime and share no common facts with the FLSA or Labor Code overtime claims, and should not be considered when evaluating supplemental jurisdiction.  *See McBain v. Behr Paint Corp.*, 2017 WL 1208074, *6 (N.D. Cal. Apr. 4, 2017) (noting that a failure to reimburse claim shares no common facts with the FLSA or Labor Code overtime claims).

1    In addition, the California Labor Code section 2802 claim is a fact-intensive analysis that
2    is both wholly independent of any FLSA claim and, given the tedious discovery arising from such
3    a claim, it will quickly dwarf the federal claim.   Moreover, for supplemental jurisdiction
4    purposes, it remains uncontested that the FLSA has no provision regulating wage statements.
5    Consequently, this Court should exercise its discretion and decline to exercise supplemental
6    jurisdiction of the state law claims in this case.

7    **IV.    THIS COURT SHOULD DISMISS SWAMY'S INADEQUATELY PLED AND
8    INAPPLICABLE CLAIMS.**

9    If the Court exercises supplemental jurisdiction over Swamy's state law claims, the Court
10   should dismiss those claims as they remain inadequately pled and fail to meet minimum pleading
11   standards.

12   **A.    Rule 12(b)(6) Standard.**

13   To survive a Rule 12 motion, a plaintiff must plead specific facts showing that each
14   essential element of his claim is met.   The Court must exclude or ignore "conclusory statements"
15   or "threadbare recitals of the elements of a cause of action."   *Ashcroft v. Iqbal*, 556 U.S. 662, 663
16   (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (proper pleading "requires more
17   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will
18   not do") (internal citations and quotes omitted).

19   The Court must determine whether the complaint states a claim that is plausible on its
20   face. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).   "The plausibility standard is not
21   akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant
22   has acted unlawfully." *Id.*

23   Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it
24   "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting
25   *Twombly*, 550 U.S. at 557).   Rather, a court may not assume that a plaintiff can prove facts not
26   alleged or that a defendant violated laws in ways not alleged. *Twombly*, 550 U.S. at 563 n.8.   If a
27   plaintiff's allegations do not bring his "claims across the line from conceivable to plausible, [his]
28   complaint must be dismissed." *Id.* at 570.

In the wage and hour context, allegations that "raise the possibility of under compensation" are insufficient as "a possibility is not the same as plausibility." *Landers v. Quality Commc'n Inc.*, 771 F. 3d 638 (9th Cir. 2014). Wage and hour complaints that merely recite statutory language or "slavishly repeat the statutory language as to the purported factual allegations" are subject to dismissal. *Anderson v. Blockbuster, Inc.,* 2010 WL 1797249, at *3 (E.D. Cal. May 4, 2010); *Ramirez v. Manpower, Inc.*, 2014 WL 116531, at *4 (N.D. Cal. Jan. 13, 2014) ("With nothing more than an unadorned allegation citing the California Labor Code and IWC Wage Order Defendants[] are accused of violating, the Court is unable to draw the reasonable inference that Defendants are liable for the misconduct alleged.").

### B.    Swamy's Federal and State Overtime Claim Allegations (First and Second Claims for Relief) are Inadequately Pled.

#### i.    Swamy's Lacking and Conclusory FLSA Overtime Claim Fails.

Based on the Ninth Circuit's decision in *Landers v. Quality Communications, Inc., supra*, 771 F. 3d 638, where it addressed pleading requirements under *Twombly* and *Iqbal* for FLSA overtime wage claims, Swamy's allegations are wholly deficient. When examining a plaintiff's overtime claim, the Ninth Circuit stated that "at a minimum the plaintiff must allege *at least one workweek* when he worked in excess of forty hours and was not paid for the excess of hours *in that workweek . . . .*" *Id.* at 646 (emphasis added). The Ninth Circuit explained that this requires the plaintiff to "draw on their memory and personal experience to develop factual allegations with sufficient specificity that . . . plausibly suggest that defendant failed to comply with its statutory obligations." *Id.* at 643. As such, the Ninth Circuit concluded that, "in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours *in a given workweek* without being compensated for overtime hours *during that workweek.*" *Id.* at 644–45. Because the employee in *Landers* simply alleged that he was not paid for overtime hours, without providing details about the overtime hours worked, his allegations merely "'raise[d] the possibility' of under compensation," which was "not the same as plausibility." *Id.* at 646.

Swamy's claim for overtime under the FLSA fails to satisfy *Landers* because Swamy does

not sufficiently "allege at least one workweek when he (or any of the putative class members) worked in excess of forty hours and was not paid for the excess hours in that workweek . . . ." *Id.* at 646.  Instead, Swamy offers only generalized allegations that, "[h]e worked at least 8 hours each day from Monday through Friday and worked approximately 5–10 hours each weekend to keep up with the workload."  FAC ¶ 32.  Thus, he claims he worked overtime hours (more than 40) each week he has worked with Defendant (except for those weeks when he took personal time off, such as for vacations or sick leave).  Contrary to the requirements in *Landers*, Swamy fails to identify even one specific week that he worked overtime (assuming he even prevails on the exemption issue).  Swamy further alleges that he and the FLSA Class frequently or regularly worked over forty (40) hours in a workweek.  FAC ¶ 77.  But no detail is offered as to how he could plausibly know this fact as to Title Source's other staff appraisers around the country.  As such, these allegations cannot meet the pleading standards sufficient to state a claim for overtime under the FLSA.  *See Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1189 (N.D. Cal. 2014) (motion to dismiss overtime claims granted where plaintiffs merely alleged they were regularly and consistently required to work more than 40 hours in any workweek and were not compensated for such work at premium rates).  Therefore, because the First Claim for Relief is insufficiently pled, it should be dismissed in its entirety.

### ii.   Swamy's Conclusory California Labor Code Overtime Claim Fails.

Likewise, *Landers* also governs wage claims asserted under the California Labor Code. *See, e.g.*, *Byrd v. Masonite Corp.*, 2016 WL 756523, at *3 (C.D. Cal. 2016) (noting that although *Landers* dealt specifically with the FLSA it applied equally to certain California Labor Code sections including, those for unpaid minimum wages, unpaid overtime, and meal period and rest break violations).  Because the same standard applies, and Swamy's state claims present the same pleading deficiencies as his FLSA claim, the state overtime claim should also be dismissed.

Specifically, Swamy's California Labor Code overtime claims are inadequately pled under *Landers* because Swamy vaguely asserts that, "[h]e worked at least 8 hours each day from Monday through Friday and worked approximately 5–10 hours each weekend to keep up with the workload.  Thus, he worked overtime hours (more than 40) each week he has worked with

1    Defendant (except for those weeks when he took personal time off, such as for vacations or sick

2    leave).  On average, he has worked approximately 50 hours per week during his employment with

3    Defendant."  FAC ¶ 32.  Swamy further asserts that "[Title Source] operated under and continues

4    to operate under a common policy and plan of willfully, regularly, and repeatedly failing and

5    refusing to pay Appraisers for overtime at the rates required by California Labor Code § 510 and

6    Wage Order No. 4-2001," and "[Title Source] routinely required [Swamy] and the California

7    Class to work more than eight (8) hours per day or forty (40) hours per workweek and work on

8    the seventh day of a workweek…[but] failed and refused to pay the California Class, including

9    Swamy, overtime wages for any of the overtime hours they worked since four years prior to this

10   lawsuit being filed."  FAC ¶¶ 88, 91.

11       These allegations, like those pertaining to the FLSA overtime claim, do not specify "a

12   *given* workweek that either Swamy or any putative California class member went without being

13   compensated for the overtime hours worked during *that workweek*."  *Landers*, *supra*, 771 F. 3d at

14   644–45 (emphasis added); *see also Freeman v. Zillow, Inc.*, 2015 WL 5176511, at *4 (C.D. Cal.

15   March 19, 2015) (plaintiff's claim for overtime dismissed because Complaint failed to allege any

16   workday where he worked in excess of eight hours or any workweek where he worked in excess

17   of forty hours and was not paid for it); *see also Lefevre v. Pac. Bell Directory*, 2014 WL 5810530,

18   at *3 (N.D. Cal. Nov. 7, 2014) ("[P]laintiff states only the bare elements of his [FLSA and Labor

19   Code] claims for failure to pay overtime wages.  He does not include any facts that support these

20   elements or that go beyond 'legal conclusions.'  The FAC does not specify the time periods that

21   plaintiff worked overtime, the company policy regarding overtime, or any concrete actions taken

22   by the defendants.  Instead, its language is similar to claims in other cases that courts dismissed

23   under Rule 12(b)(6).  [These claims] do not contain sufficient factual allegations under *Twombly*

24   and *Iqbal*." (internal citations omitted)).

25       Because Swamy's state law overtime claims are insufficiently pled, the Second Claim for

26   Relief should also be dismissed in its entirety.

27   ///

28   ///

DEFENDANT TITLE SOURCE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**C.      Swamy's Unfair Business Practice Claim (Fifth Claim for Relief) Fails to the Extent it is Based on Claims for Penalties and Not Wages.**

Claims pursuant to California Labor Code section 226 cannot support a claim under California Business and Professions Code section 17200.  Swamy bases his Section 17200 claim on the same allegations that support the First through Fourth (?) Claims for Relief for violations of the FLSA and California Labor Code, including Labor Code section 226, which provides penalties if violated.  However, claims for penalties, rather than wages, cannot support a 17200 claim.  *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 619 (N.D. Cal. 2007); *Rubin v. Wal-Mart*, 599 F. Supp. 2d 1176 (N.D. Cal. 2009); *see also Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 891, 895 (C.D. Cal. 2005) (granting judgment on the pleadings on ground that Labor Code section 203 provides for a penalty, not wages, which cannot be raised through §17200 claim).  Accordingly, regardless of the merits of the underlying claims, Swamy's Fifth Claim for Relief for violation of Section 17200 should be dismissed with respect to claims based on Section 226 of the Labor Code.

**V.      IF SWAMY'S FIRST CLAIM FOR RELIEF IS NOT DISMISSED, THE IMPROPER ALLEGATIONS REGARDING HIS CLAIMED UNREIMBURSED EXPENSES SHOULD BE STRICKEN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(F).**

A court may "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P.  12(f).  "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question."  *Fantasy, Inc. v. Fogerty*, 984 F. 2d, 1524, 1527 (9th Cir. 1993).  Where language "could have no possible bearing on the subject matter of the litigation," it is subject to a motion to strike.  *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).  A Rule 12(f) motion should be granted where necessary to discourage parties from raising allegations completely unrelated to the relevant claims, when the interests of justice so require, and to avoid "litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H. Robbins Co.*, 697 F. 2d 880, 885 (9th Cir. 1983); *Fantasy, Inc.*, 984 F. 2d at 1527; *see also Shapiro v. Encompass, Inc.*, 221 F.R.D. 513, 517 (N.D. Cal. 2004); *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

As discussed above in Section III.B.ii.a, *infra*, Swamy's FAC alleges that his unreimbursed business expenses improperly impacted his overtime compensation sufficient for a violation of the FLSA overtime rules.  FAC ¶ 82.  Specifically, Swamy alleges that without reimbursement for his business expenses in the weeks in which he worked "overtime hours, Plaintiff and the FLSA Class Members [did] not receive pay at time and one half their regular rate of pay for all hours worked over 40."  *Id.*  However, as discussed above, *supra*, the facts presented in this FAC do not support any violation of the FLSA.  Indeed, an FLSA violation only occurs if the unreimbursed expenses caused the employee's wage rate to fall below the federal minimum wage; Swamy makes no such allegation on behalf of either himself or the putative class.  *See California Dairies, Inc.,* 617 F. Supp. 2d at 1045.

The claim fails both the plausibility and specificity requirements.  As Swamy has acknowledged, the FLSA provides no requirement to reimburse employee business expenses, instead it addresses only minimum wages and overtime as to non-exempt employees.  This is not a scenario where items were deducted from Swamy's compensation (in fact, Swamy alleges he was not reimbursed for necessary business expenses in his Third Claim for Relief) and there is no minimum wage violation alleged.  In the unlikely event that (a) Swamy is found to be non-exempt, and (b) he actually worked overtime in some identifiable amount during a specific week, the overtime would be calculated by converting his compensation paid to an hourly rate and applying a 1.5 premium to those hours that exceed forty hours per week.  Expenses would have nothing to do with the calculation.

Title Source seeks to have the expense allegations stricken because they have no bearing on the FLSA overtime claim, and allowing the allegations to remain will unduly burden discovery and disclosures.  Because the reimbursement allegations complain of activity that cannot support Swamy's FLSA claim for overtime, they should be stricken.  Therefore, if the First Claim for Relief is not dismissed in its entirety, Title Source asks the Court to strike Paragraph 82 and the phrase "reimbursed expenses" in Paragraph 86, lines 10–11.

///

///

1

**VI.    CONCLUSION**

2        For the reasons set forth herein, this Court should grant Title Source's motion to dismiss.

3

4   DATED:  May 23, 2017                    GREENBERG TRAURIG, LLP

5

6                                    By:____*/s/ James M. Nelson*_____
7                                       JAMES M. NELSON
                                        LINDSAY E. HUTNER
8                                       MICHELLE L. DUCHARME
                                        Attorneys for Defendant
9                                       TITLE SOURCE, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28