IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SOM SWAMY, on Behalf of Himself and
on Behalf of All Others Similarly Situated,

    Plaintiff,

  v.

TITLE SOURCE, INC.,

    Defendant.

No. C 17-01175 WHA

**ORDER DENYING
MOTION TO TRANSFER**

## INTRODUCTION

In this FLSA action, defendant moves to transfer venue. For the reasons set forth below, the motion is **DENIED**.

## STATEMENT

Plaintiff Som Swamy is a resident of Danville, California. Representing a putative class, he seeks to recover unpaid wages that he is allegedly owed by his employer, defendant Title Source Inc., under the Fair Labor Standards Act, California's overtime statutes, and California's unfair competition laws. The amended complaint describes both a putative nationwide collective action under the FLSA and a putative California class bringing California state law claims (Amd. Compl. ¶¶ 1–7).

Title Source is a national real estate valuation company incorporated in Michigan and headquartered in Detroit. It employs salaried appraisers nationwide to complete property

valuations (*id*. at ¶¶ 26–27). Appraisers can view and select properties to inspect in their geographic area through an online portal that lists properties requested for valuation by Title Source clients (Hughes Dep. 20). As an appraiser, Swamy conducts physical inspections of properties in the Bay Area during the day and writes reports on them in the evening (Amd. Compl. ¶¶ 32–34). In addition to eight-hour weekdays, Swamy works five to ten hours each weekend to keep up with the workload. He sues to recover unpaid overtime for work done in excess of 40 hours a week.

Defendant brought this motion to transfer venue to the Eastern District of Michigan, providing as support a declaration from its CFO that states the majority of putative collective action members reside *closer* to Michigan than California (Hughes Decl. ¶ 18). The undersigned judge granted plaintiff two weeks to conduct limited venue-related discovery and to provide its own factual response. Venue discovery revealed that more putative collective members live in California than in Michigan and its neighboring states combined, thus shifting the balance of relevant factors against transfer. This order follows full briefing — including supplemental briefing by both parties on information uncovered in venue discovery — and oral argument.

**ANALYSIS**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a). The parties do not dispute that this action may have been brought in the Eastern District of Michigan. Thus, defendant's motion only presents the question of whether the convenience of parties and witnesses and the interest of justice favor transfer.

The purpose of Section 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). To that end, district courts consider convenience and fairness factors on an individualized, case-by-case basis. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The district court must weigh both private factors, which go to the convenience of parties and witnesses, and public factors, which go to the interest of

2

justice. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). This order considers these factors in turn.

### 1. CONVENIENCE AND FAIRNESS.

The private convenience and fairness factors include the plaintiff's choice of forum, the convenience of parties and witnesses, the ease of access to sources of proof, and the availability of compulsory process for unwilling witnesses.

Ordinarily, the defendant carries a heavy burden to overcome the plaintiff's chosen forum; however where, as here, "an individual . . . represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). As discussed below, defendant nevertheless fails to meet this lighter burden.

Defendant contends that plaintiff's choice of forum merits even less consideration here because the operative facts of this action occurred in Michigan not California (Dkt. No. 25 at 9). True, defendant decided the employment and payroll policies that relate to this action in Detroit; however, defendant also hired dozens of California citizens as appraisers and implemented policies that allegedly violate California labor laws (Dkt. No. 31 at 7–8). That defendant is headquartered in Detroit and decides its policies there "does not negate the local impact of [its] decisions when they are implemented elsewhere." *Schultz v. Hyatt Vacation Marketing Corp.*, No. 10-4568, 2011 WL 768735, at *5 (N.D. Cal. 2011) (Judge Lucy H. Koh).

The next factor involves the convenience of parties and witnesses. In this action, named plaintiff's convenience aligns with that of 48 putative collective members who reside in California, a higher concentration than any other state, and counsels against transfer (Int. Ans. 1). *First*, no class or collective has yet been certified, so named plaintiff is the *only* plaintiff in this action and his convenience merits greater consideration than the putative class or collective members. Named plaintiff lives and works in this district, not in Michigan, and naturally prefers to litigate this case here. *Second*, if certified, this geographically widespread collective action might call for some participants to travel inconvenient distances regardless of where the parties litigate, but this district better serves the entirety of the putative California class and more of the putative collective than does the proposed transferee district.

3

As the undersigned judge has already acknowledged, when a class is certified "lead plaintiff has important responsibilities in managing class actions" and the possibility of certification therefore lends importance to named plaintiff's convenience in the transfer analysis. *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007). At oral argument, defendant's counsel distinguished the present action from *Van Slyke* on the basis that the named plaintiffs in that decision represented a *class*, where members may opt out, whereas here the named plaintiff represents a *collective*, where members may opt in and bring claims as individual plaintiffs. But this argument overlooks that FLSA collective actions are conducted through representative testimony. *See, e.g.*, *Reich v. S. New England Telecommunications Corp.*, 121 F.3d 58, 66 (2d Cir. 1997). Moreover, defendant's argument glides over the existence of the putative state-wide class. If a California class is certified, lead plaintiff would represent the interests of class members. To transfer this action to Detroit would cause him financial hardship and compromise his ability to attend hearings.

Defendant's motion further argues that this forum inconveniences the putative collective members because "more than 60 percent [of them] live closer to Michigan" (Dkt. No. 45 at 3). But defendant's disclosures in venue discovery revealed that only eighteen putative collective members reside in Michigan while 48 reside in California (Int. Ans. 1). Only fifteen putative collective members live in states directly adjacent to Michigan: nine in Illinois, four in Ohio, one in Indiana, and one in Wisconsin. Thus, more putative collective members live in California than in Michigan and its neighboring states combined. Moreover, 77 putative collective members reside in states located within our circuit while only 27 reside in states located within the Sixth Circuit, where the proposed transferee district is located.

Defendant's point about the greater cost of travel and hotels in this district is well taken.[*] This consideration does not outweigh the convenience of named plaintiff and the interests of the putative state-wide class. As this case proceeds, however, if any members of the class or

---

[*] At oral argument, plaintiff's counsel did not dispute the much greater cost of travel in this district. Defendant's request for judicial notice of these costs is therefore **GRANTED**.

4

collective wish to attend hearings in San Francisco, counsel for plaintiff shall advance their hotel costs. This will solve the problem of hotel prices raised by defendant's counsel at oral argument.

The relative ease of access to evidence in Detroit does not justify transfer because, as venue discovery revealed, defendant stores all the financial and administrative records that are relevant to this action electronically (Hughes Dep. 49–56). The burden of transporting documents from Detroit to this district is therefore minimal.

Defendant argues that it needs live testimony to explain these records, stating that all the employees who can testify to the "decisions and rationale for classifying the putative class as exempt employees, [and to] overtime and other employment policies" reside in Detroit (Dkt. No. 25 at 12–13). Defendant's CFO agreed under oath, however, that all relevant employees are able to travel to and testify in this district (Hughes Dep. 65). Defendant's cost of transporting employee witnesses alone does not outweigh the airfare and hotel costs of named plaintiff and putative class or collective members if this action were litigated in Detroit. Transfer is inappropriate when it merely shifts the inconvenience from one party to the other. *Decker Coal*, 805 F.2d at 843.

The district court should also consider the existence of compulsory process for unwilling witnesses when deciding a motion for transfer. Here, neither party identifies potential unwilling witnesses, and this factor weighs neither for nor against transfer. *See Schultz*, 2011 WL 768735 at *6.

### 2.    INTEREST OF JUSTICE.

A district court deciding a motion to transfer must also consider public-interest factors such as relative degrees of court congestion, local interest in deciding localized controversies, and familiarity with governing law.

Here, court congestion is a neutral factor. During the twelve-month period ending in March 31, 2016, the median time from filing to disposition of civil actions was 7.3 months in this district and 8.1 months in the Eastern District of Michigan. During the same period, this district had 508 pending cases per active judge while the Eastern District of Michigan had

5

430 pending cases per active judge. *Federal Court Management Statistics* (Mar. 31, 2016), www.uscourts.gov/report-name/federal-court-management-statistics.

Our district's interest in deciding this matter outweighs the proposed transferee district's. The Eastern District of Michigan has an interest in this matter, though Michigan law is not at issue, because Title Source is headquartered there and employs Michigan residents (Dkt. No. 25 at 15). This district not only has an interest in employment and payroll policies directed at California residents, but also in adjudicating claims arising under California law. Additionally, the entirety of the putative state-wide class and 20% of the putative nationwide collective reside in California. The local interest in adjudicating this action counsels against transfer.

Finally, the proposed districts are equally familiar with federal law, which forms the basis of the putative FLSA collective action; however, this district is more familiar with the state laws underlying the California class action claims. Since other federal courts are fully capable of applying California law, this factor weighs only slightly against transfer. *Schultz*, 2011 WL 768735 at *4.

**CONCLUSION**

For the foregoing reasons, defendant's motion to transfer venue pursuant to Section 1404(a) is **DENIED**. The hearing scheduled for July 13, 2017 stands.

**IT IS SO ORDERED.**

Dated: June 12, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE