IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SOM SWAMY, on behalf of himself and
on behalf of all others similarly situated,

    Plaintiff,

  v.

TITLE SOURCE, INC.,

    Defendant.

No. C 17-01175 WHA

**ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE**

## INTRODUCTION

In this action for unpaid wages, defendant moves to dismiss plaintiff's FLSA and California state law claims pursuant to FRCP 12(b)(6) and 12(b)(1). In the alternative, defendant moves to strike a portion of plaintiff's factual allegations. For the reasons set forth herein, defendant's motion is **DENIED**.

## STATEMENT

Defendant Title Source, Inc., is a national real estate valuation company that works with lenders to evaluate properties and refinance loans. To complete property valuations, defendant hires appraisers who work remotely and choose properties to inspect in their geographic region through an online portal (Dkt. No. 29 ¶¶ 26–27). Appraisers work remotely, driving to assigned properties in their own vehicles and using their personal computers to communicate with their Title Source managers.

1           From May 2013 to May 2017, plaintiff Som Swamy worked as a Title Source appraiser,
2   driving to various locations in the San Francisco Bay Area in his personal vehicle to conduct
3   physical inspections of his assigned properties and write reports on them, which he forwarded to
4   his manager electronically.  Plaintiff worked at least eight hours each day from Monday through
5   Friday and worked approximately five to ten hours each weekend to keep up with the workload.
6   Thus, the amended complaint alleges, plaintiff worked approximately fifty hours a week on
7   average during his employment with defendant, except during weeks when he was not working
8   due to sick leave or vacation.  Defendant paid plaintiff, and other former appraisers, no overtime
9   wages and kept no records of their work hours.  Moreover, defendant did not reimburse
10  appraisers for any costs — namely travel and computer expenses — they incurred in completing
11  their reports (*id.* ¶¶ 28–33).

12          The amended complaint alleges that defendant misclassifies appraisers as exempt from
13  overtime and therefore its failure to pay plaintiff, as well as putative class and collective
14  members, overtime wages for work done in excess of forty hours a week violates (1) the FLSA,
15  and (2) the California Labor Code.  In addition to the state and federal overtime claims, the
16  complaint alleges that defendant violates California labor laws and the California Business and
17  Professions Code by (3) failing to reimburse plaintiff, and putative class members, for necessary
18  job-related expenditures; (4) failing to provide statements accurately reflecting appraisers' work
19  hours and wages; (5) reaping profits at the expense of appraisers, and, therefore, engaging in
20  unfair business practices (Dkt. No. ¶¶ 75–110).

21          Defendant brought a motion to transfer this action to the Eastern District of Michigan,
22  which the undersigned judge denied after full briefing, venue discovery, and oral argument
23  (Dkt. No. 61).  Defendant also brought a motion to dismiss, to which plaintiff responded with
24  an amended complaint, specifying that he worked approximately fifty hours a week on average
25  and alleging that he is owed reimbursements for business expenses under the FLSA as well as
26  California law (Dkt. No. 29 ¶¶ 32, 82).  Defendant now brings a new motion to dismiss.
27  This order follows full briefing and oral argument.

2

**ANALYSIS**

*First*, defendant moves to dismiss plaintiff's claims for overtime wages and unfair competition pursuant to FRCP 12(b)(6). *Second*, defendant argues in the alternative that plaintiff's factual allegations regarding unreimbursed business expenses should be stricken from the FLSA claim. *Third*, defendant contends that plaintiff's state law claim for accurate wage statements and unpaid business expenses should be dismissed for lack of supplemental jurisdiction. This order addresses these arguments in turn.

1. **MOTION TO DISMISS.**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when its factual allegations, rather than mere conclusory statements, create the reasonable inference that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A. **State and Federal Overtime Claims.**

Defendant moves to dismiss plaintiff's state and federal claims for unpaid overtime, contending that plaintiff's allegations fall short of pleading a plausible claim for overtime under *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014). *Landers* held that an employee need not allege the overtime compensation owed with mathematical precision, but must provide "sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." 771 F.3d at 646. Thus, the plaintiff's general allegations that he worked more than forty hours a week and was not paid overtime or minimum wage as required by the FLSA failed to show "that there was a given week in which he was entitled to but denied minimum wages or overtime wages." *Ibid.*

Defendant contends that plaintiff's FLSA claim should be dismissed because he "fails to identify even one specific week that he worked overtime" (Dkt. No. 53 at 18). But the amended complaint alleges that plaintiff worked for defendant "from approximately May 2013 to the present" and worked an average of approximately fifty hours per work week without receiving overtime compensation (Dkt. No. 29 ¶ 32). These factual allegations not only support the

3

inference that plaintiff worked in excess of forty hours in *one* specific week but that he did so *each* work week from May 2013 through May 2017 and defendant failed to pay him overtime in each of those weeks. *See Daugherty v. SolarCity Corp.*, No. 05155 WHA, 2017 WL 386253, at *5 (N.D. Cal. Jan. 26, 2017).

Moreover, in *Landers* the plaintiff failed to provide sufficient detail about the length and frequency of his unpaid work. But, here, plaintiff specifies that he worked at least eight hours on weekdays and approximately five to ten hours on weekends to keep up with the work (Dkt. No. 29 ¶ 32). Thus, ours is not a situation where plaintiff has failed to provide any details about the overtime hours he works.

Defendant further contends that plaintiff fails to state how he could plausibly know about overtime work performed by putative collective members around the country (Dkt. No. 53). But this is not a motion for certification and, since plaintiff's factual allegations support an inference as to his own overtime claim, defendant's motion to dismiss plaintiff's first claim for relief is **DENIED**.

Reciting the same arguments as above, defendant also moves to dismiss plaintiff's claim for overtime under the California Labor Code. Defendant's motion acknowledges that the FLSA and California overtime claims parallel each other closely and raises no new arguments as to why the state law claims are inadequately pled (Dkt. No. 53 at 18–19). Accordingly, defendant's motion to dismiss plaintiff's second claim for relief is also **DENIED**.

### B. Unfair Business Practice Claim.

Defendant also moves to dismiss plaintiff's claim under Section 17200 of the California Business and Professions Code to the extent it is based on penalties rather than wages. Specifically, defendant argues that the amended complaint incorporates all preceding paragraphs, including the wage statement provision of the California Labor Code, which imposes penalties if violated. A Section 17200 claim, defendant argues, must be based on wages rather than penalties (Dkt. No. 53 at 20). Plaintiff's opposition does not disagree and notes that the complaint specifically seeks restitution of all wrongfully held *wages* (Dkt. No. 58 at 20).

4

This order therefore clarifies that plaintiff's Section 17200 claim incorporates preceding paragraphs only insofar as they support a claim based on *wages* and **DENIES** defendant's motion to dismiss.

### 2. MOTION TO STRIKE.

In the alternative to dismissal, defendant moves to strike plaintiff's factual allegations regarding unreimbursed business expenses from paragraphs 82 and 86 of the amended complaint, contending they are immaterial or impertinent to the FLSA claim (Dkt. No. 53 at 20). Pursuant to a motion under FRCP 12(f), the district court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion under FRCP 12(f) is to "avoid the expenditure of time and energy that must arise from litigating spurious issues by dispensing those issues prior to trial." *Fantasy, Inc., v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). A matter is impertinent if it "consists of statements that do not pertain, and are not necessary to the issues in question" and it is immaterial if it has "no essential or important relationship to the claim for relief." *Ibid*.

Here, defendant contends plaintiff's allegations regarding unreimbursed business expenses "have no bearing on the FLSA overtime claim" because "the FLSA provides no requirement to reimburse employee business expenses" (Dkt. No. 53 at 21). But, in *Rivera v. Peri & Sons Farms, Inc.*, our court of appeals held that the FLSA required an employer to reimburse the out-of-pocket travel and immigration expenses incurred by the migrant farm workers it had hired because the expenses were "primarily for the benefit or convenience of the employer." 735 F.3d 892, 897 (9th Cir. 2013) (citing 29 C.F.R. 531.3(d)). Though that action involved reimbursement of expenses that caused plaintiffs' wages to fall below the required minimum wage, the Department of Labor regulations that formed the basis of plaintiffs' claim in that action apply to minimum *and* overtime wages. *See id.* (the district court erred in holding that 29 C.F.R. 531.35, which states minimum and overtime wages must be paid "free and clear," did not provide for reimbursement of immigration and travel expenses).

Plaintiff relies on the same FLSA regulations as the plaintiffs in *Rivera*, specifically Section 531.35, for the proposition that he may recover business expenses under the FLSA.

5

1  Without contemplating *Rivera*, defendant argues the FLSA regulations cited by plaintiff only
2  provide for recovery of business expenses that are born by the employer and deducted from
3  employee wages (Dkt. No. 62 at 8–10).  Moreover, defendant argues that even if the FLSA
4  regulations are applicable here, plaintiff's expenses were not "primarily for the benefit or
5  convenience of the employer" and therefore not reimbursable.

6  While defendant may ultimately prevail on this issue, the factual allegations it seeks
7  to strike from the amended complaint are related to plaintiff's FLSA claim and, therefore, not
8  immaterial or impertinent.  Defendant's motion to strike is therefore **DENIED**.

### 3. SUPPLEMENTAL JURISDICTION.

10  Where, as here, a substantial federal claim exists, district courts have supplemental
11  jurisdiction over state law claims that form part of the same case or controversy under Article III.
12  28 U.S.C. 1367(a).  State and federal claims form part of the same constitutional "case" when
13  they "derive from a common nucleus of operative fact" and are such that "considered without
14  regard to their federal or state character . . . [plaintiff] would ordinarily be expected to try them
15  all in one judicial proceeding."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).
16  Where the district court has power to hear state law claims, it may invoke its discretion to
17  decline supplemental jurisdiction only if the action falls into one of the categories enumerated in
18  Section 1367(c), which provides in pertinent part "The district courts may decline to exercise
19  supplemental jurisdiction over a claim . . . [if it] substantially predominates over the claim or
20  claims over which the district court has original jurisdiction."  *See Acri v. Varian Assocs., Inc.*,
21  114 F.3d 999, 1001 (9th Cir. 1997).

22  Here, defendant contends the relevant supplemental jurisdiction inquiry is "whether the
23  state and federal claims are alternate theories of recovery for the same acts" and, therefore, no
24  supplemental jurisdiction exists over plaintiff's non-overtime California claims because the
25  FLSA does not provide for recovery of employees' business expenses or cover the contents of
26  wage statements (Dkt. No. 53 at 12) (citing *McBain v. Behr Paint Corp.*, 2017 WL 1208074, at
27  *6 (N.D. Cal Apr. 3, 2017) (Magistrate Judge Maria-Elena James)).  But our court of appeals has
28  not endorsed such a narrow definition of common nucleus of facts.

6

1 In *Mpoyo v. Litton Electronic Optical Systems*, a decision cited by neither side, our court of appeals held that an employee's Title VII claims, alleging racial discrimination by his former employer, and his FLSA claim, seeking unpaid overtime from the same employer, shared a common nucleus of facts because "both sets of [plaintiff's] claims ar[ose] from [employer's] conduct while [plaintiff] was an employee" and because the Title VII and FLSA claims "form[ed] a convenient trial unit that disclose[d] a cohesive narrative."  430 F.3d 985, 987 (9th Cir. 2005).  Though *Mpoyo* concerned res judicata, that decision is applicable in the present action because, there, the relevant common nucleus inquiry was whether the claims arose from the same transaction and "the common nucleus concept [in the supplemental jurisdiction context] encompasses claims that arise from the 'same *transaction* or occurrence' as the jurisdiction-invoking claim."  Charles Alan Wright and Arthur R. Miller, *Federal Practice & Procedure* 3567.1 (3d ed. 1998) (emphasis added).

Here, as in *Mpoyo*, the wage statement, reimbursement and FLSA claims all arise out of a cohesive narrative:  defendant's conduct towards plaintiff in his capacity as an employee and, specifically, defendant's allegedly inadequate compensation of plaintiff for his work as an appraiser.  Additionally, these claims would ordinarily be tried in the same proceeding because they disclose a cohesive narrative, requiring overlapping testimony and administrative records regarding appraisers' job description, including their day-to-day duties and the guidelines they must follow (Dkt. No. 58 at 15–16).  Therefore, supplemental jurisdiction exists over plaintiff's wage statement and reimbursement claims.

Defendant further urges that even if power to hear the California wage statement and reimbursement claims exists, the Court should decline supplemental jurisdiction pursuant to Section 1367(c)(2).  Specifically, at oral argument, counsel for defendant emphasized this action's similarity to *McBain*, a decision from this district that held plaintiff's wage statement, rest period, and reimbursement claims would substantially predominate over the FLSA overtime claim and therefore declined supplemental jurisdiction over those claims pursuant to Section 1367(c)(2).  2017 WL 1208074, at *7–8.  But, as defendant's counsel duly acknowledged, that decision is not binding authority.  Moreover, *McBain* did not contemplate

7

the efficiency consideration that the undersigned judge raised at oral argument, namely that if the California claims proceed separately in a parallel state court action, the federal and state proceedings may call for duplicative testimony and discovery, therefore frustrating the goals of economy and convenience promoted by supplemental jurisdiction.

Ultimately, this order finds it premature to assert, at this early stage of litigation and without the benefit of discovery, that plaintiff's California claims will predominate over the FLSA claim. Defendant's motion to dismiss for lack of supplemental jurisdiction is therefore **DENIED** and the parties will proceed with disclosures and discovery as per the scheduling order. If discovery indicates that the wage statement claim and reimbursement claims require resolution of unique issues that will substantially predominate over the FLSA claim, the efficiency considerations may advise against retaining non-overtime California claims in this action. This order is therefore without prejudice to defendant's renewal of this motion if new facts urge a different result.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss plaintiff's FLSA and California law claims or to strike a portion of the FLSA claim in the alternative is **DENIED.**

**IT IS SO ORDERED.**

Dated: July 17, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE