IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOM SWAMY, on behalf of himself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TITLE SOURCE INC,<br><br>Defendant.<br>_____/ | No. C 17-01175 WHA<br><br>**ORDER RE (1) MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; (2) MOTION FOR APPROVAL OF INDIVIDUAL FLSA SETTLEMENT; (3) MOTION FOR SERVICE AWARD; AND (4) MOTION FOR ATTORNEY'S FEES AND EXPENSES** |

**INTRODUCTION**

In this employment class action, the parties jointly move for final approval of a proposed class settlement and approval of an individual FLSA settlement. Plaintiff also moves for a service award and for an award of attorney's fees and costs to class counsel. For the reasons explained below, the motion for final approval of the class settlement is **GRANTED**, the motion for approval of plaintiff's individual FLSA claim is **GRANTED**, the motion for attorney's fees and expenses is **GRANTED**, and the request for an incentive award is **DENIED**.

**STATEMENT**

Prior orders set forth the detailed background of this case (Dkt. Nos. 69, 94, 154). In brief, plaintiff Som Swamy asserted class claims against his former employer, defendant Title Source, Inc., under the California Labor Code and the Fair Labor Standards Act for failing to reimburse necessary business expenses, failing to pay overtime, and providing inaccurate wage

statements. A prior order certified a class only as to plaintiff's expense reimbursement and wage statement claims under California law. That same order declined to certify a class with respect to plaintiff's overtime claims and denied plaintiff's motion to certify a FLSA collective action. The class consists of all persons employed by defendant as an external staff appraiser in California between March 2013 and April 2018 (Dkt. No. 154).

A May 2018 order granted the parties' joint motion for preliminary approval of a proposed class action settlement. The order also approved, as to form and content, a notice concerning the class settlement agreement and final approval hearing. The claims administrator mailed the class notice to all fifty potential class members at addresses obtained from defendant. A skip trace was performed for two notice packets which were returned as undeliverable and the notices were thereafter mailed to updated addresses. One of those notice packets was re-mailed to the new address located by the claims administrator. The other notice packet was sent to an address specified by that class member. Defendant also emailed the notice and opt-out forms to each class member (Dkt. Nos. 168, 179).

No objections to the settlement have been received by counsel or the class administrator. Five members of the class opted out of the settlement agreement. The settlement agreement provides for an average cash payment of nearly twelve-thousand dollars to each class member. The classwide release is limited to the certified claims (*ibid.*).

The parties now move for final approval of the class settlement agreement and, separately, for approval of a settlement of plaintiff's individual FLSA claim. Class counsel also moves for an award of (1) $900,216 in attorney's fees, (2) $99,433 in costs, and (3) a $5,000 incentive award to the class representative. This order follows full briefing and oral argument (Dkt. Nos. 170–71, 179, 181).

**ANALYSIS**

**1.   FINAL APPROVAL OF PROPOSED CLASS SETTLEMENT.**

Under FRCP 23(e), court approval is required for any settlement agreement that will bind absent class members. When a proposed settlement agreement is presented, the court must perform two tasks: (1) direct notice in a reasonable manner to all class members who would be

2

bound by the proposal, and (2) approve the settlement only after a hearing and on finding that the terms of the agreement are fair, reasonable, and adequate. FRCP 23(e)(1)–(2).

### A. Adequacy of Notice.

The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citations omitted). It must also describe "the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980). The undersigned judge previously approved the form, content, and planned distribution of the class notice. As described above, the claims administrator and defendant have fulfilled the notice plan. This order accordingly finds that notice to class members was adequate.

### B. Fairness, Reasonableness, and Adequacy of Proposed Settlement.

The instant settlement agreement is fair, reasonable, and adequate. Our court of appeals has set forth various factors that a court must balance when making this determination:

> [T]he strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citations omitted). These factors are not exclusive, and some factors may warrant more weight than others depending on the circumstances. *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

The amount of the $600,000 settlement is reasonable. This amount represents 70% of the class damages as calculated by plaintiff and several multiples of the potential damages as calculated by defendant. The parties negotiated this proposed class settlement after a year plus of litigation, which included motion practice and expansive discovery, including eleven depositions. As is evident by the parties' briefing in the instant motion, the parties continue to sharply dispute the merits of the action. Plaintiff acknowledges there is no guarantee that a jury

3

would find class-wide liability if this case proceeds to trial. Plaintiff would also face challenges in proving damages and recognizes that proceeding towards trial on a class basis could present manageability problems.

The plan of allocation of the settlement proceeds is also fair and reasonable. After accounting for the settlement administration costs (estimated at $5,642.50), the remaining settlement fund will be distributed to each class member proportionally based on their dates of employment and class counsel and plaintiff's expert's estimate of the number of miles they are projected to have driven each year during the class period. There is no preferential treatment or additional compensation provided to the class representatives or other class members. Participating class members will average nearly $12,000 in recovery.

Class counsel are experienced in employment class actions and believe this is an excellent settlement for the class. Only five class members requested exclusion from the settlement agreement and none objected. In short, having considered the applicable factors, this order finds the proposed class settlement is fair, reasonable, and adequate so as to warrant final approval. Accordingly, final approval of the proposed class settlement and plan of allocation is **GRANTED**.

2. **MOTION FOR APPROVAL OF INDIVIDUAL FLSA SETTLEMENT.**

The parties also jointly move for approval of a settlement of plaintiff's individual claims under the Fair Labor Standards Act. The FLSA's purpose is "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas–Best Freight System*, 450 U.S. 728, 739 (1981) (citing 29 U.S.C. § 202(a)). An employee's claims under the FLSA are nonwaivable and may not be settled without supervision of either the Secretary of Labor or a district court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). Where an employee who brings a private action for back wages under the FLSA "present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. The salient question for

4

purposes of approving a FLSA settlement is whether it constitutes a "fair and reasonable resolution of a bona fide dispute." *Id*. at 1355.

The parties' proposed settlement constitutes a fair and reasonable resolution of a bona fide dispute. Plaintiff estimates his potential damages under his overtime claim to be $4,613. The $2,500 settlement accordingly represents 54% of that sum. Plaintiff acknowledges, however, that he worked remotely and did not track his hours worked or work pursuant to a regular schedule. Defendant not only continues to deny liability on the ground that plaintiff never worked overtime hours, but separately argues plaintiff was exempt from overtime. Accordingly, there is a distinct possibility that plaintiff would have recovered nothing had he pursued the action through trial. As discussed above, the extent to which the parties had completed discovery and the experience and views of counsel also weigh in favor of approving the settlement. In sum, this order finds that the proposed settlement is a fair, reasonable, and adequate resolution of plaintiff's individual claim. The settlement is accordingly **APPROVED**.

### 3. MOTION FOR SERVICE AWARD.

Plaintiff next request a $5,000 service award. This award is sought as "recognition for [plaintiff's] time and efforts." There is no declaration from Swamy, however, specifying how much time or effort he spent on this action. At most, class counsel declares (Dkt. No. 171 ¶ 39):

> [Swamy] provided factual information to Class Counsel, was deposed for over 7 hours, produced nearly 2,000 pages of records, made his wife and daughter available for depositions after Defendant issued subpoenas to them, and otherwise subjected himself to the responsibilities of serving as a Named Plaintiff in this lawsuit against his employer.

A class representative should not get a bonus. If the settlement is not good enough for the representative, it should not be good enough for the class. Only where the class representative has actually incurred genuine out-of-pocket costs should those costs be considered. In this case, the record is silent as to what costs Swamy incurred. Moreover, in addition to his share of the settlement fund, plaintiff will receive $2,500 to settle his individual FLSA claim. The request for a service award is accordingly **DENIED**.

5

**4.     MOTION FOR ATTORNEY'S FEES AND COSTS.**

A July 25 order set forth the procedure by which reasonable attorney's fees and costs would be determined in this dispute (Dkt. No. 180). Pursuant to this order, class counsel filed a declaration regarding the reasonableness of plaintiff's request for attorney's fees and costs. Defendant timely filed its opposition to the filing. The parties then met and conferred to attempt to settle the matter. At the September 4 hearing on the fees motion, the parties represented that these efforts succeeded and that the parties had reached a resolution of their attorney's fees dispute. Plaintiff's motion for an award of attorney's fees and costs is accordingly **GRANTED** and, pursuant to the parties' stipulation, class counsel is awarded $400,000 in attorney's fees and costs. Half of that amount shall be paid to lead counsel by the date selected in the parties' agreement. The other half shall be paid when lead counsel certify that all funds have been properly distributed and the file can be completely closed.

**CONCLUSION**

For the reasons stated above, final approval of the proposed class settlement is **GRANTED**, approval of the settlement of plaintiff's individual FLSA claim is **GRANTED**, the request for an award of attorney's fees and costs is **GRANTED**, and the request for an incentive award is **DENIED**. Judgment will be entered separately.

By **OCTOBER 2**, and every **FOURTEEN CALENDAR DAYS** thereafter, the parties shall file a joint submission explaining whether or not the claims administration process is proceeding according to schedule and how any snafus will be cured.

**IT IS SO ORDERED.**

Dated: September 5, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE